(No. 33367.—

ESTHER GORDON, Appellee, *vs.* JAMES GORDON *et al.*—
(AMERICAN NATIONAL BANK AND TRUST COMPANY
OF CHICAGO, Appellant.)

*Opinion filed September 23, 1955—Rehearing denied Nov. 21, 1955.*

ETTELSON & O'HAGAN, and KIRKLAND, FLEMING, GREEN, MARTIN & ELLIS, both of Chicago, (ROBERT E. SAMUELS, BENNITT E. BATES, and JOHN M. O'CONNOR, JR., of counsel,) for appellant.

BENJAMIN J. SCHULTZ, of Chicago, for appellee.

Mr. JUSTICE DAILY delivered the opinion of the court:

Esther Gordon, on April 22, 1953, filed a separate maintenance action in the superior court of Cook County, alleging that her husband, James Gordon, although the owner of considerable property within this State, had deserted her and moved to California without making any provision for her maintenance or support. Various Illinois corporations, including American National Bank and Trust Company of Chicago, hereinafter referred to as the bank, were made parties defendant and were enjoined from disposing of assets belonging to Gordon, which they held. In its answer, the bank admitted that it held certain Kane County real estate in trust for the benefit of Gordon but denied any knowledge sufficient to form a belief as to the other material allegations. Although served by publication and notified of the pending action by registered mail, James Gordon did not appear, and the complaint was taken as confessed against him on October 5, 1953. Thereafter, an order was entered directing Gordon to pay to the plaintiff $2000 for attorney fees and monthly alimony in the amount of $500. To enforce the payment of these amounts, and in response to plaintiff's petition for sequestration, the court, on February 18, 1954, found that Gordon

was the owner of the entire beneficial interest in the Kane County property and ordered it sequestered by commissioners appointed for this purpose. No appeal was taken from this order by the bank, Gordon, or any other of the defendants. Thereafter, on March 4, 1954, having been unsuccessful in their attempts to gain dominion of this real estate, the commissioners filed a petition for the bank to show cause why it should not be punished for contempt. As a result thereof, the court, on May 18, 1954, ordered the bank to convey to the commissioners, by trustee's deed, all interest which it might have in the Kane County property, and if it failed to do so, the order further provided that said conveyance should then be executed by a master in chancery. This order was amended on May 21, 1954, so as to allow the bank twenty days within which to comply. Thereafter, and within the time specified, the bank appealed directly to this court.

Since only the orders of May 18, 1954, and May 21, 1954, are appealed from, and since James Gordon has seen fit to neither appear nor answer in this matter, we are concerned only with the validity of these orders as applied to the bank. It is elementary that an appellant can assign as error only those rulings which are prejudicial as to him. (*City of Mattoon* v. *Jennings,* 336 Ill. 93; *Hannas* v. *Hannas,* 110 Ill. 53.) For that reason, we will not inquire as to the validity of the decree for separate maintenance, the award of alimony, or the determination of ownership. Neither are we concerned with the order of February 18, 1954, which directed the Gordon property sequestered and commissioners appointed. We are asked merely to determine whether or not the trial court erred in ordering the appellant to convey the property held by it in trust. The bank does not deny that a court has power to enforce its decree for alimony against property, found within the State, which belongs to a nonresident defendant. It contends, however, that (1) Gordon owned no such

property within the State and (2) if he did, the superior court of Cook County was not the proper court to order such a conveyance since the property was located outside its territorial jurisdiction.

In support of its first contention, the bank argues that Gordon's interest in the trust is personal property having a situs at his place of residence, which in this case is California. We cannot agree with this reasoning. The nature of a beneficiary's interest is dependent upon the terms of the trust agreement. In the absence of an express provision to the contrary, the beneficiary is ordinarily the equitable owner of the trust *res*. If the corpus of the trust is real property, the interest of the beneficiary is also real property. (*Illinois National Bank of Springfield* v. *Gwinn,* 390 Ill. 345; *Merchants' Loan and Trust Co.* v. *Patterson,* 308 Ill. 519; *McFall* v. *Kirkpatrick,* 236 Ill. 281; Restatement of the Law of Trusts, Vol. 1, sec. 130(b).) The only exceptions to this rule are where the doctrine of equitable conversion applies, (*Dicus* v. *Scherer,* 277 Ill. 168,) or where the interest of the beneficiary is of such a limited duration that, even if it were a legal estate, it would not qualify as a freehold. (*DeHaven* v. *Sherman,* 131 Ill. 115; Restatement of the Law of Trusts, Vol. 1, sec. 130(b).) These exceptions are not applicable to the present case. Here, the answer of the defendant bank, the sole appellant, admits that Gordon owns the entire beneficial interest in the real estate being held in trust. Additionally, the trust agreement has neither been pleaded nor offered in evidence so as to establish that his interest was limited either in its use or duration. Therefore, the case falls within the general rule. It is our opinion that Gordon's interest, although equitable in nature, was in fact real property which was located in and subject to the jurisdiction of the courts of this State.

The bank next contends that the trial court was without authority to order a conveyance of Kane County real

estate. It argues that such action can be taken only within the county in which the land is located and cites, in support thereof, section 9 of our Civil Practice Act, (Ill. Rev. Stat. 1953, chap. 110, par. 133,) which states that "Any civil action to quiet title to real estate, or to partition or recover possession thereof or to foreclose a mortgage or other lien thereon, shall be brought in the county where the real estate or some part of it is situated." Admittedly, actions of the type above enumerated which directly affect the land itself, must be commenced in the county where the property is located. It does not follow, however, that *all* proceedings which may in some way affect title to land are local in nature. For example, in *Blackhurst* v. *James,* 304 Ill. 586, 593, in holding that the circuit court of Hancock County, in a will contest, had power to cancel deeds to real estate located in McDonough and Henderson Counties, we said: "This court has in many cases held a court of chancery may entertain a bill filed in the county where the defendant resides, to cancel and set aside deeds to land lying in another jurisdiction and compel a reconveyance. * * * the decree does not 'affect the land' but operates on the person and removes an obstruction to the enforcement of appellees' rights." In *Baker* v. *Rockabrand,* 118 Ill. 365, it was held that jurisdiction of the person gave the trial court sufficient power to order a reconveyance of real estate located outside its territorial limits. Again, in *Hayes* v. *O'Brien,* 149 Ill. 403, 409, the court said: "* * * it has been repeatedly held, in this State, that jurisdiction of the person invests the court with power to proceed to final decree in all that class of cases where it is sought to compel the execution or cancellation of deeds to land. Where the relief sought does not require the court to deal directly with the estate itself, the proceeding does not affect real estate, within the meaning of the third section of the Chancery Act, [section 9 of the present Civil Practice Act,] and the court having the parties in interest

all before it, may proceed, although the land to which the controversy relates may lie without the jurisdiction of the court." The principle was again reiterated in *Bevans* v. *Murray*, 251 Ill. 603, and *Oakman* v. *Small*, 282 Ill. 360.

The orders with which we are now concerned run only against the defendant bank. Their purpose and effect is not to deal directly with the land itself, but only to enforce the court's prior order for support. As such, they do not fall within the prohibitions contained in section 9 of our Civil Practice Act. Being transitory in nature, such action required only the personal jurisdiction of the bank. Since the superior court enjoyed such control in this case, it had sufficient power to order a conveyance of the Kane County property.

For the reasons stated and after careful examination of the record herein, we are of the opinion that proper foundation was laid for the contested order and that the lower court did not err in directing the bank to convey the Gordon property held by it in trust. The order of the superior court of Cook County is, therefore, affirmed.

*Order affirmed.*