Cale R. Cunningham, Plaintiff-Appellant, v. City of Sullivan, Defendant-Appellee.

Gen. No. 10,136.

Third District.

January 20, 1958.

Released for publication February 5, 1958.

John Alan Appleman, of Urbana, and Dwight H. Doss, of Monticello, for appellant.

J. E. Horsley of Craig and Craig, of Mattoon (Robert Martin and Paul Stone, City Attorney, both of Sullivan, and J. E. Gambill, of Mattoon, of counsel) for appellee.

JUDGE REYNOLDS delivered the opinion of the court.

The plaintiff brought suit against the city of Sullivan, Illinois, a municipal corporation, for services

rendered the said city as Superintendent of the gas system of said city for some thirty months. The court allowed a motion by the defendant city to strike paragraphs 4, 5 and 6 of the original complaint. Thereafter, upon leave granted, the plaintiff filed his amended complaint. For the purpose of this decision, the word "complaint" will refer to the amended complaint. The defendant then filed its motion to dismiss the complaint, and in the alternative to strike paragraphs 3, 4, 5, and 6 of the complaint. For clarity, paragraphs 3, 4, 5 and 6 of the complaint are hereby set out in full.

"3. That pursuant to the said appointment, the plaintiff assumed the duties of said appointment and continued to perform the duties imposed upon him until a successor was appointed and assumed the said duties on or about May 15, 1955.

"4. That the services rendered by the said plaintiff were of value to the said municipality; that the said municipality accepted the said services, and has been unduly enriched thereby; that the said services were then and there reasonably worth the sum of Three Hundred Forty-Five Dollars ($345) per month, which is the same amount being paid to the successor in the said office; that the said services were rendered for a period of thirty (30) months and were in the reasonable value of Ten Thousand Three Hundred Fifty Dollars ($10,350), all of which inured to the benefit of the said defendant.

"5. That the plaintiff rendered the said services in expectation of payment therefor, and that from time to time he was assured by the various officials of the said city that compensation would be forthcoming when the matter was duly presented; that in an official meeting of the City Council of April 25, 1955, the matter of compensation for the plaintiff for his services was presented, and that it was agreed

by the various officials present at the said meeting that the plaintiff should be paid for his said services, and that the said contract of hiring was thereby ratified and approved.

"6. That the defendant has accepted the said services, and been benefited thereby, and is bound, in law or in equity, to pay therefor."

That part of the motion asking dismissal of the complaint attacks the complaint on the grounds that said complaint fails to definitely allege that the plaintiff was appointed to an office of said city, or that he was an employee of said city; that the complaint fails to designate the services rendered by the plaintiff; that the complaint attempts to state a cause of action under the quantum meruit, which cannot be maintained if the plaintiff was an officer of the said city, and that the complaint does not allege that the salary of the plaintiff was fixed by the appropriation ordinance referred to in the complaint, as required by Sections 9—98, 9—99 and 19—50 of Chapter 24, Illinois Revised Statutes, and by Article 9, Section 11 of the Constitution of the State of Illinois. In the alternative, the motion attacks and moves to strike paragraphs 3, 4, 5, and 6 of the complaint on the grounds that the allegations in those paragraphs are indefinite and are conclusions of the pleader, and that said allegations are immaterial in view of Sections 9—98, 9—99 and 19—50 of Chapter 24, Illinois Revised Statutes and Article 9, Section 11 of the Constitution of the State of Illinois. The trial court allowed said motion and paragraphs 3, 4, 5, and 6 of the plaintiff's complaint were stricken. The court entered judgment for the defendant in bar of the plaintiff's action and the plaintiff elected to abide by the amended complaint and appeals to this court. After the appeal was before this court, the plaintiff filed his motion to strike the appellee's brief, and this matter has been ordered to be taken with the case.

The sole question to be decided by this court is whether or not the complaint stated a cause of action. The defendant contends that the complaint failed to state a cause of action because it did not allege any well-pleaded facts, which, if true, would suffice to state (1) a duty on the part of the defendant towards the plaintiff, or (2) the failure of the defendant to perform such duty, or (3) that the plaintiff suffered any damages by any failure of the defendant to perform such duty. The plaintiff contends that the purpose of pleading is simply to furnish information and if they do that, they are sufficient and they will be liberally construed to that end. The plaintiff further contends that the principle of quantum meruit applies to public corporations, and that a city may not accept personal services of an employee without paying him for the fair value thereof. Further the plaintiff contends that no ordinance is necessary to create a liability for personal services rendered by an employee. A further point raised by the plaintiff is that the plaintiff's complaint need not negative affirmative defenses of the defendant, and that the plaintiff was not an officer within the meaning of the statutes cited by the defendant. It would serve no useful purpose for this court to pass on all these questions, since, as we have stated, the sole question before this court is the question as to the sufficiency of the complaint. To summarize, the appeal raises the question that the complaint is insufficient (1) because plaintiff pleads conclusions rather than specific facts, and (2) because he does not allege that he was not an officer of the city at the time he was employed as superintendent of the gas system of the city.

■ In passing on these contentions, it must be recognized that the purpose of the revisions of our Practice Act has been to simplify pleadings and to promote justice, rather than to set up artificial rules of practice. The trend of the decisions of our courts for some time

has been to construe liberally the rules of practice to the end that form shall be inferior to substance. As said in Parrino v. Landon, 8 Ill.2d 468, "Our decisions in Wagner v. Kepler, 411 Ill. 368, and Gustafson v. Consumers Sales Agency, Inc. 414 Ill. 235, although containing factual differences, reflect the recent trend of all courts to make form inferior to substance. We believe both justice and reason command the conclusion that such pleading as gives enough information to indicate a ground for liability is sufficient to support a judgment."

In the case of Warnes v. Champaign County Seed Co., 5 Ill.App.2d 151, this court held that the primal object in pleading is to produce an issue affirmed on one side and denied on the other, and the trial is to determine the issue thus made.

In the case of Lincoln Park Coal and Brick Co. v. Wabash Ry. Co., 338 Ill. 82, the Court said: "While the declaration as amended is somewhat inartistically drawn, yet at the present time in this State many of the niceties and technicalities of ancient pleading have been abandoned, and all that is now necessary in the statement of a plaintiff's claim in a declaration is a clear and concise statement, couched in simple language, of sufficient ultimate facts to show a liability on the part of the defendant to the plaintiff." This doctrine was quoted with approval in the case of Lasko v. Meier, 394 Ill. 71.

██ ██ In reading these cases quoted, it must be remembered however, that the complaint must allege ultimate facts necessary to constitute a cause of action. Gustafson v. Consumers Sales Agency, supra. Are the allegations in the complaint material allegations of ultimate fact? We believe that they meet this requirement. Here, the complaint alleges:—his appointment to the position of superintendent of the gas system, and that he assumed the duties of such position, and performed such duties; the services rendered were of

value to the defendant; the services were accepted, and the defendant enriched thereby; the services were reasonably worth so much per month and were of a total value of $10,350; he rendered the said services in expectation of payment therefor, and from time to time he was assured that he would be paid and at a meeting the City Council agreed to pay him and ratified his employment. And that the defendant had failed and refused to pay him for such services. To require more of the plaintiff in his complaint would be to require the pleading of evidence.

 As to the second contention of the defendant, that the plaintiff does not allege that he was not an officer of the city at the time he was employed as superintendent of the gas system of the city, this would seem to be a matter of affirmative defense. If the defendant seeks to raise this defense, it must either set it up in its answer, or, if it hopes to have the case disposed of before trial on that basis, by motion and affidavit pursuant to Section 48 or Section 57 of the Practice Act. It is not the obligation of the plaintiff to negative every conceivable plea or defense which might defeat his recovery. At common law, prior to the adoption of the Civil Practice Act, it was improper for the plaintiff to anticipate defenses in his declaration. Shipman, Common Law Pleading, Sections 310, 311 (2d ed. 1923); Gunton v. Hughes, 181 Ill. 132, 134–135. While the Act has given the plaintiff more latitude to anticipate defenses if he chooses, it did not make his pleading burden more onerous by requiring him to do so. In the instant case we do not believe that the plaintiff is required to plead his "status."

 At common law and under the codes the test of whether a defense is affirmative and so has to be pleaded by defendant is whether the defense gives color to the opposing party's claim and then asserts new matter by which the apparent right is defeated. The admission of the apparent right is inferable from the

affirmative defense. 2 Moore's Federal Practice, p. 1697 (2d ed. 1950); Clark's Code Pleading, pp. 597–599 (2d ed. 1947). The same test applies under Section 43 of the Civil Practice Act. Thus the defense under consideration, *i. e.,* that, even assuming the contract and plaintiff's performance of services, he cannot recover because he was an officer of the city is an affirmative defense.

█ The defendant's claim that the plaintiff in truth and in fact was an officer of the city at the same time he was the superintendent of the gas system is not in the record and of course cannot be considered at this time. If the fact is as the defendant claims, plaintiff may not be entitled to recover on the merits, but his complaint is to be judged on the present record, and in our opinion, on that record it is sufficient.

For the reasons stated the order of the trial court in dismissing the complaint and entering judgment on the pleadings was in error and should be reversed and remanded. Cause reversed and remanded with directions to proceed in accordance with the views expressed herein.

Reversed and remanded.