(No. 41548.—
WILLIAM SHAW *et al.*, Appellants, *vs.* FRANCIS LORENZ,
Director of Highways, *et al.*, Appellees.

*Opinion filed March 27, 1969.*

DURR & DURR, and PAUL E. RILEY, both of Edwards-
ville, for appellants.

WILLIAM G. CLARK, Attorney General, of Springfield,
(RICHARD E. QUINN, HAROLD G. ANDREWS, and HORACE
L. CALVO, Assistant Attorneys General, of counsel,) for
appellees.

Mr. JUSTICE UNDERWOOD delivered the opinion of the
court:

William and Earlene Shaw, who are the owners of a
tract of land abutting U.S. Highway 66 and having access
to that highway *via* a township road, brought an action in
the circuit court of Madison County seeking to temporarily

and permanently enjoin Francis Lorenz, Director of the Department of Public Works and Buildings, and Robert E. Kronst, District Highway Engineer, from taking, without prior condemnation proceedings, their alleged property right of access to U.S. Highway 66 by closing the township road at its intersection with that highway. Additionally, they sought a mandatory injunction requiring the defendants to restore said road intersection which was then closed. Following a hearing, the trial court granted defendants' motion to dismiss the complaint. The case was appealed directly to this court on the basis of the existence of a constitutional question. Ill. Rev. Stat. 1967, ch. 110A, par. 302(a).

Plaintiffs alleged right of access is based upon an agreement between former owners of the property and the State, said to have been made at the time of negotiations between the State and the former owners, pursuant to which the State acquired a portion of the property. It is further alleged that as part of the consideration for that property acquisition the State agreed to keep open the township road providing the remaining property (now owned by plaintiffs) direct access to Highway 66.

The record indicates that as part of a program of upgrading U.S. Highway 66 to Federal interstate standards of limited access the defendants closed this township road thereby cutting off plaintiffs' access to U.S. Highway 66. The record is not clear as to whether this closing was discretionary with the defendants or a mandatory requirement of Federal interstate standards.

Plaintiffs presently are forced to travel a minimum of one and one half miles along a frontage road to gain vehicular access to Highway 66, where they previously had to travel no more than 100 feet over the township road. Plaintiffs had been using the property commercially for a motel, restaurant, trailer park and tavern and allege that the action of the defendants has reduced the use of the land to farm use because travelers will no longer patronize these estab-

lishments due to the inconvenience to the motorist in driving this additional distance to their property.

Defendants argue that in these circumstances plaintiff could have filed a petition for a writ of *mandamus* against the defendants to compel them to institute proceedings under the Eminent Domain Act to ascertain the plaintiffs' damages, and this being an adequate remedy at law the plaintiffs are not entitled to equitable relief.

Plaintiffs point out that the defendants failed to raise this defense at trial and argue that a defense not raised in the trial court is regarded as waived and may not be raised for the first time in the reviewing court, citing cases, (*e.g. Bryant* v. *Lakeside Galleries, Inc.*, 402 Ill. 466, 473-74.) Plaintiffs fail to recognize that while this is the rule insofar as the appellant is concerned, the appellee may urge any point in support of the judgment on appeal, even though not directly ruled on by the trial court, so long as the factual basis for such point was before the trial court. *Hickey* v. *Illinois Central Railroad Co.*, 35 Ill.2d 427, 439-40; *In re Estate of Leichtenberg*, 7 Ill.2d 545, 549.

It is clear and plaintiffs concede that at the time the complaint was filed they had an action for *mandamus* against defendants to compel them to institute proceedings under the Eminent Domain Act for the ascertainment of plaintiffs' damages. (*People ex rel. Haynes* v. *Rosenstone*, 16 Ill.2d 513, 516; *People ex rel. First Nat. Bank of Blue Island* v. *Kingery*, 369 Ill. 289, 293.) The availability of *mandamus* is an adequate defense against the granting of the injunctive relief sought here.

Accordingly, the judgment of the circuit court is affirmed.

*Judgment affirmed.*