CLIFFORD H. INGRAM *et al.,* Plaintiffs-Appellees, *v.* LICENSE APPEAL COMMISSION OF CHICAGO *et al.,* Defendants-Appellants.

(No. 53771;

First District—February 11, 1971.

Raymond Gertz, of Chicago, for appellants.

Raymond F. Simon, of Chicago, Corporation Counsel, (Marvin E. Aspen and John J. George, Assistants Corporation Counsel, of counsel,) for appellees.

Mr. JUSTICE LEIGHTON delivered the opinion of the court:

This appeal arises from a proceeding under the Administrative Review Act. Plaintiffs, holders of a local liquor license, filed a complaint to review the findings and order of the License Appeal Commission of the City of Chicago which sustained revocation of their license. The record discloses that the license was revoked on December 15, 1967. On December 26 plaintiffs appealed the revocation order. The order sustaining the Local Liquor Control Commissioner was entered February 27, 1968. After reviewing the proceedings, the trial court reversed the License Appeal Commission because the findings were "[a]gainst the manifest weight of the evidence" and the order of revocation is "[n]ot supported by the record taken as a whole."

In urging reversal here, defendants present two issues, both questioning the correctness of the judgment below. Plaintiffs, on the other hand, raise for the first time the issue whether the License Appeal Commission lost jurisdiction of the subject matter before it when it did not sustain or reverse within twenty days of plaintiffs' appeal. Because the resolution we make of it is dispositive of defendants' appeal, we discuss only this issue.

Ill. Rev. Stat. 1967, ch. 43, par. 153 which gives the right of appeal from orders of the local liquor control commissioner provides, in pertinent part, that "Within 20 days after the filing of such appeal, the license appeal commission shall render its decision in accordance with the provisions of section 5 of this Article." Section 5 referred to is section 149 of chapter 43. This section, in the part pertinent here, provides that "Within 20 days after the filing of such appeal the license appeal

commission shall render a decision sustaining or reversing the order of the local liquor control commissioner." This language, plaintiffs argue, makes it mandatory that the license appeal commission either sustain or reverse the local liquor control commissioner within twenty days after an appeal is filed, or the acts done will be invalid. (See *Zbinden v. Bond Co. School Dist.*, 2 Ill.2d 232, 236, 117 N.E.2d 765.) In meeting this issue defendants contend that plaintiffs waived it because they did not raise it in their complaint for administrative review nor in their petition for rehearing before the commission.

■■■ It is settled doctrine, however, that although an appellant waives a point not raised in the trial court, an appellee may urge any point in support of the judgment on appeal even though it was not ruled on in the trial court, as long as it finds support in the record. (*Shaw v. Lorenz*, 42 Ill.2d 246, 248, 246 N.E.2d 285; *Linn Farms, Inc. v. Edlen*, 111 Ill. App.2d 294, 250 N.E.2d 681.) Moreover, the issue plaintiffs raise in support of affirmance questions the jurisdiction of the license appeal commission to sustain the license revocation. Lack of subject matter jurisdiction, for the first time, can be raised on appeal. (*Lawn Savings & Loan Ass'n v. Quinn*, 81 Ill.App.2d 304, 225 N.E.2d 683.) Since the record of the administrative review proceedings, filed in the trial court, showed it took 63 days from the filing of plaintiffs' appeal to the decision sustaining the local liquor control commissioner, plaintiffs, as appellees in this court, can question whether by failing to comply with the statutory 20-day limit, the commission lost jurisdiction of the subject matter before it.

Plaintiffs rely on *Johnkol, Inc. v. License Appeal Com.*, 42 Ill.2d 377, 247 N.E.2d 901 where the decision of the commission was not rendered until 28 days after the appeal was filed. As here, defendants in *Johnkol* contended that the controlling decision was *Carrigan v. Illinois Liquor Control Com.*, 19 Ill.2d 230, 166 N.E.2d 574, a case which concerned noncompliance with time limitations that governed rehearings and provided the state commission "shall receive and consider such application for rehearing within twenty (20) days from the filing thereof with the Secretary of the Commission." The circuit and appellate courts had ruled that the commission lost jurisdiction to affirm the order revoking Carrigan's license because it did not comply with the 20-day statutory time limit. The Supreme Court, however, held that the time limitation was directory rather than mandatory. It reached that conclusion because the statute then in effect permitted a licensee to remain open until his application for rehearing was passed on, and that *Carrigan* had not shown he was injured by the commission's failure to act on his petition within the prescribed time.

██ In the *Johnkol* opinion the Supreme Court first distinguished *Carrigan*, pointed out that the legislature, in 1961, amended chapter 43, section 149, and then said, "The language of the statutory time limitation [the requirement that a decision be rendered within 20 days] is mandatory, and while the consequence of loss of jurisdiction for noncompliance is not explicitly stated, the legislative purpose is unmistakable when the amendment is read in the light of the decisions which immediately preceded its enactment. We hold, therefore, that by its failure to render a decision within the period limited by the statute, the License Appeal Commission lost jurisdiction to affirm the order of the Local Liquor Control Commissioner." (42 Ill.2d 377 at 383-384.) Therefore, we are compelled to conclude that, contrary to defendants' contention, *Carrigan* does not apply to the facts of this case; and as mandated by *Johnkol*, the license appeal commission lost jurisdiction to affirm the order of the local liquor control commissioner when it failed to render its decision either sustaining or reversing within the 20-day statutory time limit. For these reasons, the judgment is affirmed.

Judgment affirmed.

DEMPSEY, P. J., and McNAMARA, J., concur.