ROOSEVELT BASS *et al.*, Plaintiffs-Appellants, *v.* ILLINOIS FAIR PLAN ASSOCIATION, Defendant-Appellee.

First District (2nd Division)    No. 80-2133

---

Opinion filed July 28, 1981.

Rabens, Formusa & Glassman, Ltd., of Chicago (George C. Rabens, of counsel), for appellants.

Clausen, Miller, Gorman, Caffrey & Witous, P. C., of Chicago (James T. Ferrini, Richard A. Buchanan, and Elizabeth J. Whinery, of counsel), for appellee.

Mr. JUSTICE STAMOS delivered the opinion of the court:

Roosevelt and Josephine Bass brought an action against the Illinois Fair Plan Association alleging breach of a contract to insure plaintiffs against loss by fire. Plaintiffs sought $16,354.41 for actual damage to the insured property resulting from a fire on September 14, 1974. Plaintiffs sought an additional $100,000 in punitive damages due to defendant's alleged arbitrary and oppressive conduct in failing to pay plaintiffs' claim under the policy of insurance. Judgment was entered on the jury verdict in favor of defendant. On appeal, plaintiffs contend that there was insufficient evidence to sustain the jury verdict predicated on defenses based on the terms of the insurance policy and that the trial court erred in refusing to admit into evidence the opinion of one of the plaintiffs, ostensibly knowledgeable in the field of real estate, relative to reasonable means necessary to protect the property. Plaintiffs further contend that defendant has, by its retention of premiums paid, waived any policy defenses of which defendant was aware.

Plaintiffs own a rental apartment building at 1300 South Kolin Avenue and 4337-41 West 13th Street on the west side of Chicago, Illinois. The parties entered into a contract providing insurance against loss by fire to the building owned by plaintiffs. The insurance policy ran from November 13, 1973, to November 13, 1974, and limited coverage to $60,000.

There were three separate fires at plaintiffs' apartment building during the term of the insurance policy. The first two, on June 21, 1974, and July 8, 1974, rendered all but a part of the northwest end of the building uninhabitable. Plaintiffs' claims based on these two fires were

settled between the parties. It is the third fire, on September 14, 1974, in the previously undamaged northwest side of the building, that is the subject of this appeal. We note that several tenants lived in the apartment building at the time of the June and July fires. The last tenants moved out of the building about September 10, 1974, a few days prior to the third fire.

Defendant has refused to pay the $16,354.41 claimed as damages by plaintiffs and has asserted two affirmative defenses to payment, both based on the insurance policy: that the loss resulted from plaintiffs' failure to protect the property from further damage after the two previous fires, and that coverage under the policy was suspended because the loss occurred while the hazard was increased by means within the knowledge and control of plaintiffs.[1]

At trial, plaintiffs endeavored to prove that they did everything reasonably necessary to adequately protect the property from damage and that there did not exist an increase in hazard sufficient to suspend coverage under the policy. Roosevelt Bass, the plaintiff who managed the property, testified that he hired James Seaberry to board up the building after the fires of June and July 1974. Bass further testified that Robert Lucas, the janitor living in the building at the time of the first two fires, was hired to reboard the building whenever necessary and that James Washington took over when Lucas ceased reboarding. Notwithstanding some inconsistencies, both Lucas and Washington testified that they reboarded "practically everyday."

Defendant countered by offering evidence that the reboarding work was not being done. Photographs were admitted showing open access to the building going uncorrected over a 10-day period in mid-August. Albert Podosky, a city building inspector, testified that on August 5, 1974, portions of the building were open and accessible without forcible entry. Steven Hastings, an insurance adjustor with L. J. Shaw & Company in Chicago, inspected the premises on July 1, August 13, 20, 22, 27 and September 10, 1974. He testified that subsequent to August 13, 1974, he saw little or no change in the boarding. It is uncontested that the building

---

[1] Those portions of the standard form fire insurance policy relied on by defendant read as follows:

"*Perils Not Included*: This Company shall not be liable for loss by fire ° ° ° caused, directly or indirectly, by
°  °  °
(i) neglect of the insured to use all reasonable means to save and preserve the property at and after a loss,
°  °  °
*Conditions Suspending Or Restricting Insurance. Unless otherwise provided in writing added hereto, this Company shall not be liable for loss occurring*
(a) while the hazard is increased by any means within the control or knowledge of the insured."

was totally abandoned immediately prior to the fire of September 14, 1974.

■■ Plaintiffs contend there was insufficient evidence to sustain the jury verdict and ask this court to reverse the trial court's denial of their motion for a new trial. After a trial court's denial of a motion for a new trial, the reviewing court will not disturb the findings of the jury unless the verdict is against the manifest weight of the evidence. *Spankroy v. Alesky* (1977), 45 Ill. App. 3d 432, 439, 359 N.E.2d 1078; *Cora v. Chicago Housing Authority* (1971), 131 Ill. App. 2d 23, 29, 268 N.E.2d 497.

■■ Each side presented evidence on the issues of protection of the premises and increase of hazard within the knowledge and control of plaintiffs (see *Di Leo v. United States Fidelity & Guaranty Co.* (1964), 50 Ill. App. 2d 183, 191, 200 N.E.2d 405 (increase in hazard must be within knowledge *and* control of insured to suspend coverage)). Because the jury returned a general verdict in favor of defendant, the verdict will not be set aside if there is sufficient evidence to support either of defendant's two affirmative defenses. (See *Moore v. Jewel Tea Co.* (1970), 46 Ill. 2d 288, 294, 263 N.E.2d 103; *Stark v. D & F Paving Co.* (1977), 55 Ill. App. 3d 921, 928, 371 N.E.2d 315.) We believe that the jury could reasonably have found defendant's evidence more credible on each of its affirmative defenses. We therefore find that the jury verdict was not against the manifest weight of the evidence.

At the time of the fire in September, the building was abandoned, and there was evidence that it was open and accessible without the use of force. In *Chicago Title & Trust Co. v. Illinois Fair Plan Association* (1980), 90 Ill. App. 3d 1061, 414 N.E.2d 205, the court held that where certain apartment buildings were abandoned, open, and unguarded, and the owner failed to take steps needed to abate the increased hazard, the trial court erred in not directing a verdict or in not entering a judgment notwithstanding the verdict in favor of the insurer. 90 Ill. App. 3d 1061, 1066-67.

■■ Plaintiffs also contend that the trial judge erred in not permitting plaintiff Roosevelt Bass to give his opinion regarding reasonable means of protecting the property. Bass was asked: "As a consequence of your familiarity with those buildings, with the neighborhood and with the general characteristics of the neighborhood, do you have an opinion as to whether or not you did everything that was reasonably possible to protect the building after each—at and after each—no, each and prior to each of the fire losses which occurred June, July, September 1974?" The trial court sustained defendant's objection to this question. The record reveals, however, that the substance of Bass's answer to that question was eventually admitted. Over the objection of defendant's counsel, the trial

court admitted Roosevelt Bass's negative response to the question: "[I]s there anything you know of other than what you did, what you could or might have done, to protect that building from further loss and damage after the fires which occurred in June, July, September 1974?" We therefore find no prejudice in the trial court's exclusion of the first question.

■■ Plaintiffs also seek to show that defendant waived its defenses to payment under the policy because it accepted premium payments while aware that such defenses existed. Plaintiffs assert that while being fully advised of the condition of the insured building and plaintiffs' failure to properly protect it, defendant made it appear that the insurance coverage continued in force. However, this court will not consider the application of a waiver or estoppel theory where those matters were not placed in issue below. See *Kravis v. Smith Marine, Inc.* (1975), 60 Ill. 2d 141, 147, 324 N.E.2d 417; *Johnson v. Johnson* (1975), 26 Ill. App. 3d 64, 66-67, 324 N.E.2d 450; *Rodenkirk v. State Farm Mutual Automobile Insurance Co.* (1945), 325 Ill. App. 421, 440-41, 60 N.E.2d 269.

For the foregoing reasons, the judgment of the trial court is affirmed.

Affirmed.

HARTMAN, P. J., and PERLIN, J., concur.