LOUIS MARSCH, INC., Plaintiff-Appellee, v. PEKIN INSURANCE COMPANY et al., Defendants-Appellees (Aetna Life & Casualty Insurance Company, Defendant-Appellant).

Fifth District   No. 5—84—0333

Opinion filed July 1, 1985.

JONES, P.J., specially concurring.

HARRISON, J., dissenting in part.

Michael J. Kehart and Mark D. Gibson, both of Welsh, Kehart, Shafter & Hughes, P.C., of Decatur, for appellant.

Michael P. Kiley, of Dove & Dove, of Shelbyville, for appellee Louis Marsch, Inc.

Robert E. Bradney, of Rammelkamp, Bradney, Hall, Dahman & Kuster, of Jacksonville, for appellee Pekin Insurance Company.

JUSTICE WELCH delivered the opinion of the court:

This action arises out of a personal injury action. In the personal injury action, Thomas Chizmar, a minor, by his father and next friend of the same name, filed his complaint for damages against the city of Virden, Stephen Clark, and Clark's employer, Louis Marsch, Inc. (Marsch), alleging that the minor was injured by a dump truck driven by Clark and owned by Marsch during road work for the city of Virden. Marsch commenced the instant action in the circuit court of Christian County seeking a declaratory judgment that Pekin Insurance Company (Pekin) and Aetna Life & Casualty Insurance Company (Aetna) were obligated to provide coverage and a defense to Marsch for any claim for damages as a result of injuries sustained by the minor Chizmar. The trial court concluded that Pekin and Aetna had a duty to defend and provide coverage as to various theories of liability asserted by Chizmar. Aetna appeals. There is no cross-appeal.

Chizmar's seven-count complaint in Macoupin County case No. 80—L—41 alleges that Clark was driving the dump truck in reverse when he ran over the minor Chizmar, who had been riding a motorbike. Count I alleges that Clark was negligent in his operation of the truck and seeks compensatory damages against Clark. Count II alleges that Clark was Marsch's agent and seeks compensatory damages against Marsch under the theory of *respondeat superior*. Count III alleges that Marsch and clark were agents of the city of Virden and seeks compensatory damages against the city of Virden. Count IV alleges that Clark's actions or omissions were wilful and wanton and seeks compensatory and punitive damages against Clark. Count V alleges that Marsch wilfully and knowingly violated the provisions of "[a]n Act to protect workers and the general public *** during construction or repair of bridges and highways ***" (Ill. Rev. Stat. 1983, ch. 121, par. 314.1 *et seq.* (the Road Construction Injuries Act)) and seeks compensatory and punitive damages against Marsch. Count VI alleges Clark's wilful and knowing violation of the same act and seeks compensatory and punitive damages against Clark. Count VII alleges Marsch's failure to exercise ordinary care in the hiring and training of Clark and seeks punitive damages against Marsch.

Marsch commenced the instant action for declaratory judgment that Pekin and Aetna each owed Marsch liability coverage and a defense in case No. 80—L—41. The policy of insurance issued by Pekin to Marsch is an automobile insurance policy. The policy of insurance issued by Aetna to Marsch is entitled "Comprehensive General Liability Policy." It provides coverage for Marsch's business as a "Road Oil Cont. Hauler" and states an exclusion for "bodily injury *** arising

out of the ownership, maintenance, operation, use, loading or unloading of (1) any automobile *** owned or operated by or rented or loaned to any insured, or (2) any other automobile *** operated by any person in the course of his employment by any insured." "Automobile" is defined in the Aetna policy as including any "land motor vehicle."

The circuit court of Christian County determined that Pekin should be required to cover and defend Marsch as to counts I, II, IV, and VI, that Aetna should be required to cover and defend Marsch as to count V and defend as to count VII, and that neither Pekin nor Aetna owed coverage as to punitive damages. Aetna appeals, contending that the court erred in determining that Aetna owed any coverage or defense based on case No. 80—L—41.

Aetna contends that the automobile exclusion provision in the Aetna policy renders the Aetna policy inapplicable to counts V and VII of case No. 80—L—41, since, regardless of the theory of recovery asserted in those counts, Chizmar's injuries arose out of the operation of an "automobile" owned by the insured. Marsch and Pekin argue that what controls Aetna's duty to cover and defend is not the manner of the injury, but rather the theories of liability alleged by Chizmar, *i.e.* violation of the Road Construction Injuries Act (count V) and Chizmar's negligent hiring theory (count VII). Marsch and Pekin also contend that Aetna is estopped from asserting policy defense for failing to file an action for a declaratory judgment as to the extent of its duty to cover or defend.

Aetna argues that estoppel cannot be raised by Marsch on appeal because it was not raised at any time in the trial court. This court has so concluded, based upon the principle that an issue not presented to or considered by the trial court is waived, in *Ayres v. Bituminous Insurance Co.* (1981), 100 Ill. App. 3d 33, 36, 424 N.E.2d 1316, 1318. However, in *Ayres*, the issue of estoppel was raised on review by the appellant, the insured, in his appeal from a declaratory judgment in favor of the insurer. It is well established that although an appellant waives a point not raised in the trial court, an appellee may urge any point in support of the judgment on appeal even though it was not ruled on in the trial court, as long as it finds support in the record. (*Ingram v. License Appeal Com.* (1971), 131 Ill. App. 2d 218, 220, 268 N.E.2d 469, 470; *Shaw v. Lorenz* (1969), 42 Ill. 2d 246, 248, 246 N.E.2d 285, 287.) It has been held that matters such as estoppel which must be affirmatively pleaded are waived when not placed in issue at trial. (*Rodenkirk v. State Farm Mutual Automobile Insurance Co.* (1945), 325 Ill. App. 421, 440, 60 N.E.2d 269, 277; *Bass v.*

*Illinois Fair Plan Association* (1981), 98 Ill. App. 3d 549, 553, 424 N.E.2d 908, 911; *Collins v. Collins* (1958), 14 Ill. 2d 178, 184, 151 N.E.2d 813, 816.) However, this requirement originates in section 2—613(d) of the Code of Civil Procedure (see *Rodenkirk v. State Farm Mutual Automobile Insurance Co.* (1945), 325 Ill. App. 421, 440, 60 N.E.2d 269, 277) which requires that the facts constituting an affirmative defense such as estoppel be plainly set forth in the answer or reply to the "complaint, counterclaim, or third-party complaint." (Ill. Rev. Stat. 1983, ch. 110, par. 2—613(d).) This record includes no counterclaim or third-party complaint by Aetna. No responsive pleading to Aetna's answer to Marsch's complaint appears, nor was any such responsive pleading appropriate. (See Ill. Rev. Stat. 1983, ch. 110, par. 2—602.) Accordingly, Marsch need not have pleaded estoppel in response to Aetna's answer. Further, Marsch need not have raised the issue of estoppel in its complaint; such would merely have negatived a potential defense. See *Cunningham v. City of Sullivan* (1958), 15 Ill. App. 2d 561, 567, 147 N.E.2d 200, 204; Ill. Ann. Stat., ch. 110, par. 2—613, Historical and Practice Notes, at 354 (Smith-Hurd 1983).

■ In summary, Marsch has not waived the issue of estoppel for purposes of this appeal. However, Marsch's contention that Aetna is estopped from raising policy defenses is not well taken. A comparison of two recent opinions of this court is helpful. In *Ayres v. Bituminous Insurance Co.* (1981), 100 Ill. App. 3d 33, 424 N.E.2d 1316, the insured brought a declaratory judgment action against the insurer, seeking a determination that he should be afforded coverage with respect to a personal injury action filed against him which the insurer had refused to defend. In both its answer and a third-party complaint directed against the plaintiff in the personal injury action, the insurer sought the issuance of a favorable declaratory judgment. The insured argued that the insurer was estopped from claiming noncoverage under the insurance policy by the insurer's refusal to defend. Disagreeing, this court concluded that the insurer had discharged its duty to either seek a determination of its rights under the policy or defend under a reservation of rights. As the insurer had sought a determination of its rights in the declaratory judgment action, the court found no significance in the fact that the insured commenced the action: "It is the fact of the proceeding itself, and not the identity of the party initiating the proceeding, that is of legal import." 100 Ill. App. 3d 33, 35 n.1, 424 N.E.2d 1316, 1318 n.1.

In *County of Massac v. United States Fidelity & Guaranty Co.* (1983), 113 Ill. App. 3d 35, 446 N.E.2d 584, this court reached what on cursory inspection appears to be a contrary result. In *Massac*, as

in *Ayres*, the insurer refused to defend upon a personal injury action against the insured. The insured then sought a declaratory judgment that the policy of insurance provided coverage for the personal injury action. From a judgment partially in favor of the insurer, the insured appealed, contending *inter alia* that the insurer was estopped from raising policy defenses. The insurer maintained that its duty to seek a determination of its rights was discharged when the insured filed the declaratory judgment action. This court disagreed:

> "In the case at bar, USF&G [the insurer] never indicated to the trial court that it desired a determination of rights under the policy. Its answer to the county's declaratory judgment complaint sought only a dismissal of the county's action. Unlike the insurer in *Ayres*, USF&G thus remained immobile after refusing to defend the county, and, in fact, even contested the county's efforts to determine the rights and obligations of the parties to the policy. It is the duty of an insurer to *secure* a declaratory judgment determination of its obligations and rights under the policy (*Country Mutual Insurance Co. v. Murray* (1968), 97 Ill. App. 2d 61, 73, 239 N.E.2d 498, 505), not to take action to prevent such a conclusive and binding determination from being obtained. ***" (Emphasis in original.) (113 Ill. App. 3d 34, 40-41, 446 N.E.2d 584, 588.)

In the instant case, it was the insured who commenced the action for declaratory judgment. Aetna, in its answer to Marsch's initial complaint, requested dismissal on the ground that it "denies that said policy of insurance provides coverage to the plaintiff herein." Aetna thereafter consistently argued that in light of policy defenses and exclusions it had no duty to cover or defend. Thus, unlike the insurer in *Massac*, Aetna has not attempted to prevent a conclusive and binding determination on the merits of the parties' rights and obligations under the policy, but has participated fully in contesting the merits of the issues raised. We cannot conclude that Aetna is estopped from raising the very policy defenses it has consistently attempted to raise and have decided in its favor during this declaratory judgment action.

■ We now consider whether Aetna had a duty to defend as to the negligent-hiring (count VII), despite the automobile exclusion in the Aetna policy. Comparison of two Illinois cases relied on by the parties is helpful. Each involves a declaratory judgment action by an insurer seeking to determine the extent of its duty under a policy of insurance to cover or defend as to a third party's personal injury complaint. Each policy included an automobile exclusion essentially the same as the one in the instant Aetna policy.

In *United States Fidelity & Guaranty Co. v. State Farm Mutual Automobile Insurance Co.* (1982), 107 Ill. App. 3d 190, 437 N.E.2d 663, the underlying complaint alleged that a child had fallen from a vehicle operated by an employee of the insured, a day-care center, while the employee was transporting children to dance classes. The underlying complaint included allegations not related to the operation or use of an automobile, *e.g.*, negligent operation of the day-care center and negligent supervision of the children. The appellate court concluded that these theories of recovery were potentially within the coverage of the policy:

> "These alleged acts are separate and distinct from any allegations relating to the negligent operation of the automobile. If it is ultimately determined that the insureds are guilty of these acts, USF&G could be liable under the policy. In other words, if the liability of an insured arises from negligent acts which constitute non-auto-related conduct, the policy should be applicable regardless of the automobile exclusion or the fact that an automobile was involved in the occurrence. If an occurrence is caused by a risk included within the policy, coverage is not vitiated merely because a separate excluded risk constitutes an additional cause of the occurrence." 107 Ill. App. 3d 190, 194, 437 N.E.2d 663, 666-67.

Cited in a footnote to the above-quoted passage was *State Farm Fire & Casualty Co. v. McGlawn* (1980), 84 Ill. App. 3d 107, 404 N.E.2d 1122. In *McGlawn*, which involved a "homeowner's" policy, the underlying complaint alleged negligent entrustment of a motorcycle by the insured to his son, who had negligently insured McGlawn. The appellate court reasoned that a cause of action for negligent entrustment consists of two elements, (1) a negligent entrustment, and (2) the incompetence of the entrustee as a proximate cause of the injury; the second element concerned not only conduct, but an instrumentality, a motor vehicle; as the latter was the subject of a specific exclusion in the policy, there could be no coverage.

If a complaint sets forth allegations which are within or potentially within the coverage of the policy, the insurer must defend the action. (*United States Fidelity & Guaranty Co. v. State Farm Mutual Automobile Insurance Co.* (1982), 107 Ill. App. 3d 190, 437 N.E.2d 663.) Under a negligent-hiring theory of recovery, it is necessary to establish such negligence as the proximate cause of the damage to the third person, and this requires that the third person must have been injured by some negligent or otherwise wrongful act of the employee so hired. (53 Am. Jur. 2d *Master and Servant* sec. 422 (1970).) Thus,

liability on the part of the employer to the third party cannot be predicated upon the mere fact that the employer hired or retained in his employment a servant whom he knew or should have known to be incompetent. (53 Am. Jur. 2d *Master and Servant* sec. 410 (1970).) In the instant case there is no liability on Marsch's part under the negligent-hiring count unless Clark's negligent or otherwise wrongful conduct in operating the dump truck is also established. This instrumentality is the subject of a specific exclusion in the Aetna policy. We hold that the Aetna policy does not potentially afford coverage under the negligent-hiring count (count VII), and Aetna has no duty to defend upon it.

██ We next consider Aetna's duty under the Road Construction Injuries Act (count V). The operative portion of that count alleges that Marsch failed to employ the proper number and placement of flagmen while the roadwork was taking place, and failed to mark a closed portion of the road with suitable warning signs or barricades. There are a number of ways in which the minor Chizmar could have been injured as a result of improper deployment of flagmen and warning devices, only one of which was being struck by a motor vehicle. For example, Chizmar could have struck a worker, an excavation, or piled materials. Thus if a trier of fact concluded that Marsch had failed in its duty to Chizmar under the Road Construction Injuries Act, the fact that the dump truck was the instrumentality which ultimately injured Chizmar would be but one of two concurrent causes of the injury, one excluded under the Aetna policy, the other not so excluded. If the liability of an insured arises from negligent acts which constitute non-auto-related conduct, the policy should be applicable regardless of the automobile exclusion or the fact that an automobile was involved in the occurrence. (*United States Fidelity & Guaranty Co. v. State Farm Mutual Automobile Insurance Co.* (1982), 107 Ill. App. 3d 190, 437 N.E.2d 663.) We conclude that Aetna is potentially liable under the Road Construction Injuries Act (count V) and is under a duty to defend Marsch upon it.

██ Finally, Marsch and Aetna contend that Pekin is under a duty to defend Marsch as to counts V and VII and to cover as to count V. Pekin argues that since neither Marsch nor Clark has appealed the trial court's determination that Pekin does not owe defense or coverage of these counts, the issue is not properly before this court. We agree with Pekin. Aetna is not entitled to raise this issue. An appellant can assign as error only those rulings which are prejudicial as to him. (*Gordon v. Gordon* (1955), 6 Ill. 2d 572, 574, 129 N.E.2d 706, 708.) The ruling of the trial court that Pekin does not owe Marsch defense or

coverage as to counts V and VII was not prejudicial to Aetna, and Aetna is not entitled to question those rulings on appeal.

■ Nor can Marsch raise these issues; Marsch has not cross-appealed from the judgment of the trial court. Where the appellee fails to file a notice of appeal, this court is confined to the issues properly raised by the appellant. *Bean v. Norfolk & Western Ry. Co.* (1980), 84 Ill. App. 3d 395, 400, 405 N.E.2d 418, 423; see *Murch v. Epley* (1944), 385 Ill. 138, 144, 52 N.E.2d 125, 128.

For the foregoing reasons, the judgment of the circuit court of Christian County is reversed insofar as it requires Aetna to defend Marsch as to count VII. The judgment is affirmed in all other respects.

Affirmed in part; reversed in part.

PRESIDING JUSTICE JONES, specially concurring:

I concur in the reasoning and result reached by Mr. Justice Welch, but I do not agree with his decision that Marsch has not waived the issue of estoppel for purposes of this appeal. The waiver issue was never presented to the trial court by any pleading or in any other manner. The issue is totally absent from the record before us. Accordingly, I would hold that Marsch cannot argue that Aetna is estopped from asserting policy defenses.

JUSTICE HARRISON, concurring in part and dissenting in part:

In *Consolidated Rail Corp. v. Liberty Mutual Insurance Co.* (1981), 92 Ill. App. 3d 1066, 1072-73, 416 N.E.2d 758, this court specifically held that "[a]n insurer has the duty to assume the defense of its insured whenever there is a potential for coverage," and that the insurer does not satisfy this duty merely by filing a declaratory judgment action and then refusing to participate in the litigation. We subsequently reaffirmed our adherence to this position in *County of Massac v. United States Fidelity & Guaranty Co.* (1983), 113 Ill. App. 3d 35, 39-40, 446 N.E.2d 584. I see no reason why the holdings of these cases should not be applied here, where it is undisputed that Aetna, while alleging in its answer to Marsch's declaratory judgment action that its policy does not afford coverage, has completely refused to defend the underlying lawsuit. Accordingly, since proper application of the rule set forth in *Consolidated Rail* and *County of Massac* would operate to estop Aetna from arguing noncoverage with respect to either count V or VII, the reversal of the judgment with respect to count VII is incorrect.