## GRINNELL MUTUAL REINSURANCE COMPANY, Plaintiff–Appellee,

v.

## Dieter REINKE, et al., Defendants,

## Joseph Wickes, Administrator of the Estate of Charles A. Bittner, et al., Defendants–Appellants.

### No. 94–2555.

United States Court of Appeals, Seventh Circuit.

Argued Dec. 9, 1994.

Decided Jan. 3, 1995.

Shaun McParland Baldwin, Michael J. Duffy (argued), Kathryn C. Thomas, Tressler, Soderstrom, Maloney & Priess, Chicago, IL and Jennifer J. Johnson, Tressler, Soderstrom, Maloney & Priess, Waukegan, IL, for plaintiff-appellee.

Richard W. Eicksteadt (argued), Pollock, Meyers, Eicksteadt & Weech, Marengo, IL and Scot A. Leonard, Chicago, IL, for defendants-appellants.

Before FLAUM, EASTERBROOK, and ROVNER, Circuit Judges.

EASTERBROOK, Circuit Judge.

An auto accident on August 8, 1992, claimed the lives of Charles Bittner, Leslie Bittner, and Rita Reinke; Karrah Bittner was seriously injured. The administrators of the Bittners' estates (and the guardian of Karrah Bittner) sued Reinke's estate, contending that she drove recklessly while under the influence of alcohol. They also sought to recover from Reinke's employer, Deeter's Restaurant, and its partners. Deeter's Restaurant owned the car Reinke was driving at the time, and the complaint alleged that she was conducting the Restaurant's business. Deeter's tendered the defense to its automotive insurer, which is conducting the litigation on its behalf. The Restaurant also informed its general insurer, Grinnell Mutual Reinsurance Company. Grinnell took the position that its policy does not cover the accident, and it filed this diversity litigation seeking a declaratory judgment of non-coverage. All of the parties to the state tort suit are defendants in the federal suit. For clarity, we refer to the administrators and guardian, the plaintiffs in the state litigation, as "the victims."

■ The district court afforded Grinnell the relief it requested, ruling that a clause in the policy excludes liability for damage caused by an auto the Restaurant owned. 1994 WL 243831, 1994 U.S.Dist. Lexis 7590. (Actually there are two policies; as their language is identical in all important respects, we proceed as if there were only one.) The Restaurant and its partners filed an untimely notice of appeal, which has been dismissed. But the victims acted in time, and the first question in their appeal is whether they are the proper parties to contest the judgment. After all, the Restaurant did not have to purchase insurance; whether a particular policy covers a particular injury is, one would think, something that concerns only the parties to the contract. Yet the victim of a tort is a (potential) judgment creditor of the insured, and a creditor is interested in preventing the debtor from squandering assets—for if the Restaurant

and its partners do not expect to emerge from the litigation with significant assets no matter what happens in the declaratory judgment case, they have no particular reason to preserve the value of the policy for the victims. We have held accordingly that a victim may appeal from a declaration that a policy of insurance is inapplicable, even if the insured runs up a white flag. E.g., *Bankers Trust Co. v. Old Republic Insurance Co.,* 959 F.2d 677 (7th Cir.1992).

Today's case presents a wrinkle we have not previously discussed: may the victim enforce the policy's duty to defend? Most insurance policies require the insurer to defend as well as to indemnify its insured. Of the two, the duty to defend is broader, for it applies even if the allegations of the complaint are false—as Grinnell's policy explicitly provides. A complaint stating a claim within the policy's coverage activates the duty to defend whether or not the victim is likely to prevail. The victims remind us of this difference and argue that the district court erred in not giving their complaint a liberal reading that would activate the duty to defend. Yet how could they be helped by an order compelling Grinnell to assist in the defense of the suit they have filed? They want a weak defense, not a strong one. Their interest lies in enforcing the indemnity provisions of the insurance contract, not the defense provisions, which are for the mutual benefit of the insured and the insurer. (An insurer needs control to reduce its exposure from careless defense by a judgment-proof insured or, worse, collusion between the plaintiff and the insured.)

When asked at oral argument how they were injured by the district court's decision that Grinnell need not defend the Restaurant in the tort litigation, the victims had no reply. Counsel for Grinnell suggested that, if compelled to put up a costly defense, his client might pay the victims some money to buy peace, even if the policy is inapplicable. Thus it may be that the victims have something to gain by prevailing, but this is not a legal interest. A party who seeks additional discovery cannot argue that, if the motion to compel were granted, the adverse party would pay to avoid the obligation; the litigant must show that he is entitled to the discovery on the merits. Just so here: a

victim cannot show how he would gain by a better *defense* by a tortfeasor, as opposed to a payment that the insurer might make to buy out the obligation to defend.

■ Because the declaratory judgment relieving Grinnell of any obligation to defend the tort litigation helped rather than harmed the victims, they are not entitled to appeal. Only a person injured by the terms of the judgment is entitled to appeal. Litigants who take offense at statements in an opinion, or who believe that the judge committed a legal error, but who cannot show how the judgment injured them in a way the court of appeals can correct, are not proper appellants. E.g., *Warner/Elektra/Atlantic Corp. v. County of DuPage*, 991 F.2d 1280, 1283 (7th Cir.1993); *Abbs v. Sullivan*, 963 F.2d 918, 924–25 (7th Cir.1992); *Moy v. Cowen*, 958 F.2d 168, 170–71 (7th Cir.1992). To put this in other language, an appellant must seek *relief* rather than *injury* at the hands of the court of appeals. To the extent the victims want an order compelling Grinnell to aid in the defense of the suit they filed in state court, they seek only to reduce their chances of recovery.

Because the victims are not entitled to contest the district court's conclusion that Grinnell need not defend the Restaurant in the tort litigation, nothing remains of this appeal. True, we might discuss whether Grinnell would be obliged to indemnify if the victims recovered on the allegations of their complaint, but that risks an advisory opinion. They may amend the complaint, new facts may turn up, and the grounds of recovery (if any) cannot yet be known. The victims stress that discovery is ongoing and that they are contemplating adding new theories of liability.

■ Illinois treats arguments about the duty to indemnify as unripe until the insured has been held liable. See *Outboard Marine Corp. v. Liberty Mutual Insurance Co.*, 154 Ill.2d 90, 127, 180 Ill.Dec. 691, 708, 607 N.E.2d 1204, 1221 (1992). A conclusion that the insurer must defend does not imply that it must indemnify; because of the possibility that the legal theory of the underlying suit may change, a conclusion that the insurer need not defend does not imply that it need not indemnify. It need not indemnify on allegations found insufficient to activate a duty to defend, *United National Insurance Co. v. Dunbar & Sullivan Dredging Co.*, 953 F.2d 334, 338 (7th Cir.1992), but the theory of recovery is not fixed until the case ends. The district court reached this conclusion, first ruling that Grinnell need not defend or indemnify a suit based on the allegations of the victims' complaint and adding that this does not foreclose the possibility of indemnity if things change in the tort suit. Under Illinois law it seems unlikely that an alteration in the victims' theory would affect Grinnell's indemnity obligation, see *Louis Marsch, Inc. v. Pekin Insurance Co.*, 140 Ill.App.3d 1079, 96 Ill.Dec. 386, 491 N.E.2d 432 (5th Dist.1985), but it would be premature to issue an opinion attempting to resolve disputes that have not crystallized.

This declaratory judgment action is at an end. Grinnell prevailed on the merits in the district court. Deeter's Restaurant, the only party in a position to contest the decision that Grinnell need not defend the victims' tort suit, did not take an effective appeal. The victims are not entitled to challenge the ruling on the duty to defend. Final resolution of the duty to indemnify must abide the outcome of the tort case. Because they are not aggrieved by the district court's judgment, the victims' appeal is

DISMISSED.