394 So.2d 1371 (1981)
STATE FARM MUTUAL AUTOMOBILE INSURANCE CO.
v.
Kenneth R. SCITZS.
No. 52437.
Supreme Court of Mississippi.
March 11, 1981.
Gail A. Crowell, Bryan, Nelson, Allen, Schroeder & Cobb, Gulfport, for appellant.
J. Robert Sullivan, Laurel, for appellee.
Before PATTERSON, C.J., and SUGG and WALKER, JJ.
*1372 SUGG, Justice, for the Court:
The plaintiff, Kenneth R. Scitzs, filed a declaration in the Circuit Court of the Second Judicial District of Jones County seeking judgment against the defendant, State Farm Mutual Automobile Insurance Co., for the sum of $10,000. He alleged he was due this sum under the medical coverage provisions of two policies of insurance issued by the defendant on two vehicles which were not involved in the collision resulting in plaintiff's injuries.
The case was submitted to the trial judge on the following stipulation of facts. On October 16, 1977, the plaintiff, while driving his 1976 model Chevrolet one-half ton pickup truck, was injured in a collision with a vehicle driven by Ray Musgrove. Plaintiff incurred medical expenses totaling $18,979.90 within one year from the date of the collision for treatment of injuries received by plaintiff in the collision. At the time of the collision, plaintiff owned, in addition to the Chevrolet pickup, two other vehicles, a Ford LTD and a Chevrolet Chevette. All three of the vehicles owned by plaintiff were covered by separate liability policies issued by the defendant containing medical payment provisions for which separate premiums were paid. The declarations in each policy described only one vehicle. Each of the policies was issued on a different date but were otherwise identical except for the description of the insured vehicle and the premium charged. The maximum medical payment coverage of each policy was $5,000.
The defendant, recognizing its liability under the policy covering the pickup truck involved in the collision, paid the plaintiff the maximum medical payment coverage of $5,000 provided for in the policy covering the pickup truck. Plaintiff's suit was for payment of a like and equal amount under each of the other two policies.
Plaintiff maintained the medical coverage of all three policies applied and he was entitled to "stack" the coverage under the policies. Defendant's position was that the $5,000 paid plaintiff under the policy insuring the Chevrolet pickup was the extent of its liability, and the two policies insuring plaintiff's vehicles which were not involved in the collision did not apply.
The trial court agreed with plaintiff and held that the medical payment provisions of all three policies applied and entered judgment for $10,000. The $10,000 represented the aggregate of the maximum medical payments coverage under the two policies insuring plaintiff's two vehicles which were not involved in the collision.
Defendant's appeal presents the question of whether the medical coverage provisions of the three policies may be aggregated or "stacked." This is a question of first impression in Mississippi. States which have considered the question hold that the question must be determined by construing the provisions of the policies involved in accord with the accepted rules for construing insurance policies. The rules for construction of insurance contracts are firmly established in our cases. See cases in Volume 9 Mississippi Digest, Insurance (1964) under key numbers 146.4, 146.5(1)(2), 146.7(1)(6)(7).
Following are summary statements of these rules of construction:
1. Where an insurance contract is plain and unambiguous, it should be construed as written, like other contracts.
2. Insurance Contracts are construed most strongly against party drafting contract, and most favorably to the policyholder.
3. Where terms of insurance contracts are ambiguous or doubtful, contract must be construed most favorably to insured and against insurer.
4. Insurance contracts must be given a reasonable and sensible interpretation, and where policy is subject to two interpretations equally reasonable, that which gives the greater indemnity to the insured should be adopted.
5. Where there is no practical difficulty in making the language of an insurance contract free from doubt, any doubtful provision in the policy should be construed against the insurer.
*1373 6. Terms of insurance policies are construed favorably to insured wherever reasonably possible, particularly exclusion clauses.
7. Although ambiguities of insurance contract should be construed against insurer, court cannot alter or change contract where terms are not ambiguous, despite resulting hardship on insured.
With these rules of construction as a guide, we now turn to the provisions of the policies involved in this case. At the outset, it is noted that each policy insured only one automobile specifically described in the "declarations." One policy described the Chevrolet pickup involved in the collision, another a Ford LTD owned by plaintiff, and the other a Chevrolet Chevette owned by plaintiff. In the declarations of each policy the limits of liability for medical payment under Coverage C was $5,000. Each of the policies contains the following insuring agreements:
COVERAGE C  MEDICAL PAYMENTS
To pay reasonable medical expenses incurred for services furnished within one year from the date of accident:
(1) while occupying the owned motor vehicle, or
(2) through being struck by a highway vehicle while not occupying a land motor vehicle ...
The liability of defendant for medical payments is fixed by the insuring agreements in each policy as set forth in Coverage C(1) and (2).[1] Under Coverage C(1) defendant is liable for medical expenses incurred by any person while occupying the owned motor vehicle. The word "occupying" and the words "owned motor vehicle" are precisely defined in each policy as follows:
DEFINITIONS
Occupying  means in or upon or entering into or alighting from.
Owned Motor Vehicle  means the motor vehicle or trailer described in the declarations, ...
Coverage C(1) of each policy clearly limits the liability of defendant for medical expenses to occupants of the owned motor vehicle, namely, the motor vehicle described in the declarations of the policy. Coverage C(1) does not apply while occupying another motor vehicle. In this case, plaintiff was occupying his Chevrolet pickup. The Chevrolet pickup was described in the declarations of the policy insuring it, so it was the only owned motor vehicle under Coverage C(1) as defined in the policy. Defendant admitted liability for medical expenses on the policy insuring the Chevrolet pickup because it was the owned motor vehicle being occupied by plaintiff when he was injured.
Each of the other two policies of plaintiff described different motor vehicles. In one, plaintiff's Ford LTD was described in the declarations and in the other, his Chevrolet Chevette was described in the declarations. Each of these policies limited liability of defendant for medical expenses under Coverage C(1) to occupants of the vehicle described in the declarations. Plaintiff was not an occupant of either of these vehicle so the insuring agreement of the policies insuring these vehicles did not apply.
We are of the opinion that the insuring agreements of each policy under Coverage C(1) are plain and unambiguous. Under each policy defendant agreed to pay the reasonable medical expenses incurred by an occupant of the owned motor vehicle defined as the motor vehicle described in the declarations. Coverage C(1) does not extend to any motor vehicle not described in the declarations.
Our conclusion that the medical expense coverage of each policy was limited to an *1374 occupant of the owned motor vehicle is fortified by the provisions of each policy setting forth exclusions under Coverage C. Each policy provides:
EXCLUSIONS
(j) COVERAGES C AND M.[2] TO BODILY INJURY TO ANY PERSON:
(2) While occupying or through being struck by any land motor vehicle or trailer if such vehicle is owned by the named insured or, if residents of his household, his spouse or the relatives of either, and is not an owned motor vehicle.

The exclusion of Coverage C applies to occupants of any vehicle owned by the named insured which is not an owned motor vehicle. As heretofore stated, owned motor vehicle is defined as the motor vehicle described in the declarations. The Chevrolet pickup was the vehicle described in the declarations of the policy insuring the Chevrolet pickup. It was the owned motor vehicle occupied by plaintiff at the time of the collision.
The exclusions clause of the policy pertaining to Coverage C is not in conflict with the insuring agreements of the policy, but is simply another clear expression that Coverage C applies only to the vehicle occupied at the time of the collision and not to the other vehicles described in the declarations of plaintiff's other policies.
We therefore hold that the policies must be construed as written because the provisions of the policies are plain and unambiguous. They limit recovery by an occupant of any one of the three vehicles insured in the separate policies to the vehicle being occupied at the time of the injury. The trial judge erred in stacking the coverage of the three policies.
We reverse and render holding plaintiff was not entitled to recover $10,000 under the two policies insuring the Ford LTD and the Chevrolet Chevette.
REVERSED AND RENDERED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and WALKER, BROOM, LEE, BOWLING and HAWKINS, JJ., concur.
NOTES
[1] We are not concerned with Coverage C(2) because plaintiff was not "struck by a highway vehicle while not occupying a land motor vehicle." This coverage would apply only if plaintiff was a pedestrian and was struck by a highway vehicle. Neither does this case involve the coverage afforded when being injured when occupying a non-owned vehicle as defined in other provisions of the policies because plaintiff was occupying an owned motor vehicle; to-wit, the Chevrolet pickup described in the declarations.
[2] Coverage M involves major medical payments. Coverage M is not involved in this case because the premiums paid for each policy did not include a premium for Coverage M.