773 So.2d 94 (2000)
ALLIGATOR ENTERPRISES, INC., etc., et al., Appellants,
v.
GENERAL AGENT'S INSURANCE COMPANY, etc., et al., Appellees.
No. 5D99-3128.
District Court of Appeal of Florida, Fifth District.
November 9, 2000.
Rehearing Denied December 20, 2000.
Charles P. Schropp of Schropp, Buell & Elligett, P.A., Tampa, for Appellants.
Dennis J. Wall, P.A., Orlando, for Appellees.
ORFINGER, M., Senior Judge.
Alligator Enterprises, Inc. (Alligator) appeals the final order entered by the trial court in this declaratory judgment action determining that General Agents Insurance Company (GAINSCO), as Alligator's general commercial liability insurance carrier, had no duty to defend Alligator against a pending personal injury lawsuit. We affirm.
GAINSCO's complaint alleged that Alligator is the named insured on a general commercial liability insurance policy issued by GAINSCO, and that the Lazich family had filed suit against Alligator, alleging that they were injured as a result of a February 13, 1997 automobile collision wherein their vehicle collided with a tractor and trailer owned by Alligator which *95 had been negligently parked on the roadway outside of Alligator's premises by an Alligator employee. The complaint alleged that the Lazichs' lawsuit claim was pending, and that GAINSCO was in doubt about its duty to defend Alligator in the lawsuit. After conducting a hearing on GAINSCO's motion for summary judgment, and relying in part on Hagen v. Aetna Casualty & Surety Co., 675 So.2d 963 (Fla. 5th DCA), rev. denied, 683 So.2d 483 (Fla.1996), the trial court entered a final summary judgment in favor of GAISCO finding that, under the automobile exclusion of GAINSCO's policy, there was no coverage for the underlying liability case.
The determination below revolved around the interpretation of an exclusionary clause in GAINSCO's policy, viz:
2. Exclusions.
This insurance does not apply to:
* * *
g. "Bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or water craft owned or operated by or rented or loaned to any insured. Use includes operation and "loading or unloading".
In Hagen v. Aetna Casualty & Sur. Co., 675 So.2d 963 (Fla. 5th DCA 1996), this court, in construing a similarly worded policy exclusion, held:
The term "arising out of" is broader in meaning than the term "caused by" and means "originating from", "having its origin in", "growing out of", "flowing from", "incident to", or "having a connection with" the use of the vehicle.
Id. at 964. See also United States Fire Ins. Co. v. New York Marine & General Ins. Co., 268 A.D.2d 19, 706 N.Y.S.2d 377 (Sup.Ct.2000) (holding that, when used in automobile exclusion clauses, the words "arising out of the use" are deemed to be broad, general, comprehensive terms, ordinarily understood to mean originating from, incident to or having connection with the use of the vehicle). Application of this case law supports the trial court's conclusion that no coverage existed for the instant collision. However, Alligator contends that these cases are inapposite because of GAINSCO's "uniquely" phrased auto exclusion, pointing specifically to the last sentence of the exclusion which states:
Use includes operation and "loading and unloading".
Alligator contends that, by utilizing the language, GAINSCO narrowed the "use" exclusion so that it applies only to collisions occurring during operation or loading or unloading, and that since the tractor and trailer was neither being operated nor in the process of loading or unloading, the exclusion does not apply to the instant collision and thus coverage exists. We disagree.
Where a policy provision is clear and unambiguous, it should be enforced according to its terms, whether it is a basic policy provision or an exclusionary provision. Hagen, supra at 965. The exclusion here is not ambiguous. Alligator insists that the phrase "use includes operation and loading and unloading" is a phrase of limitation, but we cannot ascribe such meaning to it. Black's Law Dictionary, Seventh Edition, defines "include" to be:
To contain as a part of something. The participle including typically indicates a partial list ... but some drafters use phrases such as including without limitation and including but not limited to which mean the same thing.
The American Heritage Dictionary, Second College Edition says:

Include is used most appropriately before an incomplete list of components: The ingredients of the cake include butter and egg yolk.[1]
*96 Thus, the exclusion has the same meaning as if it read "... arising out of the ownership, maintenance, use, including loading or unloading, or entrustment to others..." Without question the injury here, as alleged in the Lazichs' complaint, arose out of the ownership, maintenance or use of Alligator's tractor and trailer for which there is no coverage under the policy in question.
AFFIRMED.
GRIFFIN and PLEUS, JJ., concur.
NOTES
[1] No one could successfully contend that the cake comprised only butter and egg yolk.