# IN THE UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

m 01-60492

NATIONWIDE MUTUAL FIRE INSURANCE COMPANY,

Plaintiff-Appellee,

VERSUS

SCOFIELD C. BERTHELOT; JANICE BERTHELOT; TIMOTHY WAAGA,
AND ANDREA MARIE WOODCOCK,
BY AND THROUGH HER CONSERVATRIX, JANICE BERTHELOT,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Mississippi

(1:00-CV-94-BrR)
March 28, 2002

Before REAVLEY, SMITH, and DENNIS,
Circuit Judges.

PER CURIAM:[*]

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Nationwide Mutual Fire Insurance Company ("Nationwide") brought a declaratory judgment action to uphold the validity and application of an insurance clause; the clause excluded coverage for bodily injuries suffered by relatives who live in the insured's household. The district court excluded expert testimony on what Mississippi state insurance law should be and, instead, followed Mississippi State Supreme Court cases upholding family household exclusions. Finding no error, we affirm.

## I.

In August 1999, Andrea Woodcock, the daughter of Scofield C. and Janice Berthelot, suffered injuries when Timothy Waaga crashed a boat into another boat operated by Donald Snyder. Janice Berthelot held the title to Waaga's boat and had given him permission to use it.

Nationwide insured the boat under a policy issued to the Berthelots in 1976. The policy, however, did not cover family members who live in the household and suffer bodily injuries.[1] At the time of the accident, Woodcock had resided at the Berthelot household since April 1999 to assist her mother in caring for her father after his heart surgery. Woodcock maintained a trailer on their property, which she sometimes slept in. She had a separate post office box where she received most of her mail. She belonged to travel and camping clubs that entitled her to park her trailer and reside at various parks and camping areas for extended periods of time.

After the accident, Janice Berthelot sued Waaga in state court for negligence, requesting compensatory and punitive damages. The Berthelots made claims under their homeowner's insurance policy for Woodcock's injuries. Waaga requested that

Nationwide defend him.

Based on diversity jurisdiction, Nationwide filed the instant declaratory judgment against Scofield Berthelot, Janice Berthelot, Waaga, and Woodcock, requesting the court to declare the defendants ineligible for coverage. After a bench trial, the court found that the policy excluded coverage for Woodcock's bodily injuries and ruled that Nationwide did not have an obligation to defend Waaga, should not pay any judgments rendered against Waaga, and should not pay any claims by Woodcock against Waaga.

## II.

John Kornegay testified that he believed the Mississippi Supreme Court should strike down the family household exclusion; he averred that the state's abrogation of interspousal immunity logically requires invalidating family household exclusion clauses. The district court excluded the evidence under FED. R. EVID. 702 because it would not "assist the trier of fact." We review a decision to admit or exclude expert testimony for abuse of discretion.[2] The party asserting error must prove "substantial prejudice." *Kona Tech. Corp. v. S. Pac. Transp. Co.*, 225 F.3d 595, 602 (5th Cir. 2000).

We do not need to delve into subtle questions about the admissibility of expert

---

[1] The policy begins by defining the term "insured" with reference to family members sharing a residence:

> "'Insured' means you and the following who live in your household: a. your relatives."

The policy then contains the following exclusion: "2. Coverage ESSPersonal liability does not apply to: . . .f. bodily injury to an insured as defined in definitions 3a and 3b."

[2] *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 136 (1997) ("We have held that abuse of discretion is the proper standard of review of a district court's evidentiary rulings."); *Waco Int'l, Inc. v. KHK Scaffolding Houston, Inc.*, 278 F.3d 523, 528 (5th Cir. 2002) ("Review of a district court's admission or exclusion of evidence is for abuse of discretion.") (citation omitted).

testimony on legal matters.[3] The district court correctly decided to reject Kornegay's testimony for the simple reason that it would not "assist the trier of fact." *See* FED. R. CIV. P. 702. The district court and we are bound to follow the Mississippi Supreme Court's *existing* precedent, *Doddy v. Oxy, USA, Inc.*, 101 F.3d 448, 461 (5th Cir. 1996), so it is useless for an expert to speculate on what that court should in fact do, *United States v. Nine Million Forty-One Thousand Five Hundred Ninety-Eight Dollars and Sixty-Eight Cents*, 163 F.3d 238, 255 (5th Cir. 1999).

### III.

Nationwide's policy excludes coverage for bodily injury suffered by relatives who live in the insured's household. The district court found that this family household exclusion prevents Woodcock from recovering and that the Mississippi Supreme Court would consider the family household exclusion valid and consistent with public policy. Berthelot argues that the court erred by concluding that Woodcock fell within the exclusion and that the family household exclusion violates Mississippi public policy.

When sitting in diversity, federal courts have an obligation to apply state law as interpreted by the highest court in the state. *Doddy,* 101 F.3d at 461. If the state supreme court has not decided an issue, we should make an *Erie* guess by predicting what that court would do. *Washington v. Dep't of Transp.*, 8 F.3d 296, 299-300 (5th Cir. 1993). We review the district court's interpretation of state law *de novo*. *Doddy*, 101 F.3d at 461.

### A.

Courts should give effect to a "clear and unambiguous" insurance policy or contract, *Universal Underwriters Ins. Co. v. Ford*, 734 So. 2d 173, 176 (Miss. 1999), and should construe ambiguous or unclear terms against the drafter of the contract, usually the insurance company, *State Farm Mut. Auto. Ins. Co. v. Scitzs*, 394 So. 2d 1371, 1372-73 (Miss. 1981). An insurance policy is ambiguous if people can reasonably subject it to more than one interpretation. *Universal Underwriters,* 394 So. 2d at 176.

Berthelot admits that the policy excludes coverage for relatives living in his household but argues, first, that Woodcock lived in the house only temporarily, and, second, that the policy's failure to distinguish between temporary and permanent residence is ambiguous. Both arguments lack merit.

Berthelot explains that Woodcock planned to stay only until he recovered from surgery. She sometimes slept in a travel trailer, she rented a post office box, and she maintained travel memberships. Despite all of these facts, even Berthelot admits that Woodcock lived with the Berthelots. The policy applies to all relatives living in the household, and Woodcock lived in their household at the time of the accident. Berthelot does not point to any Mississippi law that would cabin the clause to temporary rather than permanent residents.

When asked to define similar terms like "household resident" in other insurance coverage disputes, Mississippi courts have adopted a broad definition. For example, a college child away at school still resides with both of his adult parents. *Aetna Cas. and Sur. Co. v. Williams*, 623 So. 2d 1005, 1009-10

---

[3] Experts can only testify about legal issues tied to factual disputes and subsidiary to the factfinder's ultimate question. *C.P. Interests, Inc. v. Cal. Pools, Inc.*, 238 F.3d 690, 699 (5th Cir. 2001).

(Miss. 1993). Adult married children "temporarily staying" at their parents' homes also count as residents for the purpose of insurance coverage. *Johnson v. Preferred Risk Auto. Ins. Co.*, 659 So. 2d 866, 872-75 (Miss. 1995). Finally, a child over whom divorced parents have custody still resides with her mother as she drives the child to enter her father's custody. *Thompson v. Miss. Farm Bureau Mut. Ins. Co.*, 602 So. 2d 855, 856-57 (Miss. 1992).

In these cases, expanding the definition of resident expanded the scope of coverage, but under Berthelot's policy, expanding the definition of "insured," would, in most cases, reduce the scope of coverage. We see no reason, however, why that should matter.

## B.

The Bartholets argue the Mississippi Supreme Court would find the family household exclusion clause invalid because that court has abrogated the doctrines of parental and spousal immunity, *Ales v. Ales*, 650 So. 2d 482 (Miss. 1993) (parents suing child); *Glascox ex rel. Denton v. Glascox*, 614 So. 2d 906 (Miss. 1993) (child suing parent); *Burns v. Burns*, 518 So. 2d 1205 (1988) (wife suing parent). The Bartholets, however, cannot point to a single court that has applied Mississippi law to invalidate a family household exclusion.

The Mississippi Supreme Court has twice upheld the validity of these exclusions, emphasizing that the insurer and insured should have the contractual freedom to alter the scope of coverage. *Thompson*, 602 So. 2d at 857-58; *Perry v. S. Farm Bureau Cas. Ins. Co.*, 170 So. 2d 628, 630 (Miss. 1965). Every other court that has applied Mississippi law to family household exclusions has found them

valid.[4]

The abrogation of spousal and family immunity does not compel the Mississippi Supreme Court to overrule *Thompson* and *Perry*. The abrogation of immunity eliminated a mandatory, judicial barrier to tort remedies among family members. *Ales*, 650 So. 2d at 485-86; *Glascox*, 614 So. 2d at 911; *Burns*, 518 So. 2d at 1211. *Thompson* and *Perry* rested on the freedom of strangers, the insurance company and insured, to define the scope of their contractual liabilities *ex ante*. *Thompson*, 602 So. 2d at 857-58; *Perry*, 170 So. 2d at 630. Although the Mississippi Supreme Court has decided that family immunities cannot bar suit for unforeseen accidents and unanticipated losses, this does not logically require prohibiting family members and insurers from limiting the scope of coverage contractually.

AFFIRMED.

---

[4] *Warren v. United States Fidelity & Guar. Co.*, 797 So. 2d 1043, 1045-46 (Miss. Ct. App. 2001) (applying family household exclusion and refusing to adopt strained interpretation because of public policy); *Atlanta Cas. Co. v. Powell*, 83 F. Supp.2d 749, 751 (N.D. Miss. 1999) (explaining validity of exclusion clause); *Amer. Fire & Indem. Co. v. Scottsdale Ins. Co.*, No. 198CV258, 2000 WL 991626, *1 (N.D. Miss. June 26, 2000) (unpublished) (noting that parties agreed that exclusionary language is "valid and enforceable").