BRIDGES, P.J.,
for the Court.
¶ 1. Eric Scott Pope (Pope) filed a civil action for negligence against Attala County, Mississippi (Attala County) and Titan Indemnity Company (Titan) for injuries he sustained when the car in which he was a passenger hit a trailer carrying a backhoe used and parked by an Attala County road crew. The County waived its sovereign immunity to the extent it had liability coverage through Titan pursuant to Mississippi Code Annotated section 11-46-11. Titan was denied a motion for summary judgment and Pope was allowed to enforce his claims under two separate sections of Attala County's policy both which had a limit of $500,000. At the conclusion of a bench trial Pope was found to have $2,848,000 in compensatory damages and was granted $1,000,000 in recoverable damages. The County’s motion to reduce the judgment was denied.
¶ 2. Titan and Attala County appeal the decision of the trial court with Pope also cross-appealing the decision of the trial court.
*1098 statement OF THE ISSUES
I. DID THE LOWER COURT ERR IN DENYING TITAN’S MOTION FOR SUMMARY JUDGMENT, IN WHICH IT DISREGARDED THE ANTI-CUMULATION CLAUSE CONTAINED IN ITS POLICY WITH THE COUNTY ALLOWING AN ADDITIONAL SOURCE FOR INDEMNIFICATION OF POPE’S JUDGMENT AGAINST THE COUNTY?
II. DID THE LOWER COURT ERR IN HOLDING THE TOTAL AMOUNT OF THE VERDICT SHOULD NOT BE REDUCED BY AMOUNTS PAID BY SETTLING DEFENDANTS, IN DISREGARD OF THE PRO TANTO REDUCTION RULE?
ISSUES ON CROSS-APPEAL
I. DID THE TRIAL COURT ERR IN FINDING THAT ATTALA COUNTY’S POLICY AS ISSUED BY TITAN IS FIVE SEVERABLE POLICIES AND NOT ENTIRE?
II. DID TITAN WAIVE ALL EXCLUSION AND OBJECTION TO COVERAGE UNDER THE POLICY BY DEFENDING ATTALA COUNTY WITHOUT A RESERVATION OF RIGHTS?
FACTS
¶ 3. Pope was a passenger in a car driven by Kis friend, Dwight Burns. While 'attempting to take a rather sharp curve on a gravel road, Burns met an oncoming car that had allegedly crossed the center line and was forced onto the shoulder of the road where he collided with the rear left corner of a trailer. Attala County leased the trailer and it was then being used by a county road crew carrying a backhoe. The road crew was beginning a project at that site but had not posted warning signs and had no flag men present to alert oncoming traffic of the trailer.
¶ 4. Pope settled his suit with the owners of the trailer, Toyota, Dwight Burns and Willeta Campbell for $835,000. Pope’s claim against Attala County was for negligently causing and/or contributing to the accident. The County’s insurer, Titan Indemnity Company, provided a complete defense for the County through its business policy with them. Titan, however, denied that it was liable especially for damages resulting from the excessive speed of Burns while making the turn. The County, through Titan, did admit that there was some negligence on the part of the County by stopping and parking the trailer in that spot without adequate warning signs.
¶ 5. Pope was only entitled to recover from the County that amount which was covered through its insurance. The maximum coverage provided under the policy is in dispute. The County’s policy with Titan had one policy number but contained numerous sub-parts. Pope argues he was entitled to insurance coverage provided in multiple sub-parts. Titan claims the sub-parts are separate and distinct, and that an anti-cumulation clause prevents a claimant from recovering from more than one. The trial court ruled the anti-cumulation clause to be ambiguous and construed the policy in favor of the insured allowing Pope’s claim to fall under two sub-parts.
ANALYSIS
I. DID THE LOWER COURT ERR IN DENYING TITAN’S MOTION FOR SUMMARY JUDGMENT, IN WHICH IT DISREGARDED THE ANTI-CUMULATION CLAUSE CONTAINED IN ITS POLICY WITH THE COUNTY ALLOWING AN ADDITIONAL SOURCE FOR INDEMNIFICATION OF POPE’S JUDGMENT AGAINST THE COUNTY?
¶ 6. In order to determine whether the trial court’s grant of summary judgment in *1099 favor of Pope was appropriate based on Mississippi Rule of Civil Procedure 56 and the applicable case law, this Court applies a de novo standard of review. Frith v. BIC Corp., 863 So.2d 960(¶ 6)(Miss.2004). (citing Hudson v. Courtesy Motors, Inc., 794 So.2d 999, 1002(¶ 7)(Miss.2001); Jenkins v. Ohio. Cas. Ins. Co., 794 So.2d 228, 232(¶ 16)(Miss.2001); Russell v. Orr, 700 So.2d 619, 622(¶ 8)(Miss.1997); Richmond v. Benchmark Constr. Corp., 692 So.2d 60, 61 (Miss.1997); Northern Elec. Co. v. Phillips, 660 So.2d 1278, 1281 (Miss.1995)). The proponent of a summary judgment motion, Pope in this case, bears the burden of showing that there are no genuine issues of material fact such that they are entitled to judgment as a matter of law. Collier v. Trustmark Nat’l Bank, 678 So.2d 693, 696 (Miss.1996). Titan and Attala County were required to defeat the motion by not “responding with general allegations, but ... set[ting] forth specific facts showing that issues exist which necessitate a trial.” Frith, 863 So.2d at 960(¶ 6) (citing Drummond v. Buckley, 627 So.2d 264, 267 (Miss.1993)). Upon review this Court will examine evidentiary matters in a light most favorable to the non-moving party, and will reverse the decision of the trial court if Titan and Attala County prove triable issues of fact exist. Frith, 863 So.2d at 960(¶ 6)(Miss.2004) (citing Travis v. Steivart, 680 So.2d 214, 216 (Miss.1996)).
¶ 7. Pope requested in his motion for summary judgment that the trial court find the sub-parts of the policy issued to the County severable, which the court did. The court also ruled that the commercial auto policy and the commercial general liability policy “CGL policy” were the only sub-parts applicable to Pope’s claim. Titan acknowledged potential liability under the CGL policy, but argues that the non-cumulation clause prevented Pope from recovering under both sub-parts. However, the court in its amended order for summary judgment determined the two policies to be ambiguous when read as a whole and thus were to be construed against Titan. State Farm Mutual Auto. Insurance Co. v. Scitzs, 394 So.2d 1371, 1371-73 (Miss.1981). Thus, recovery under both policy sub-parts was allowed for a maximum amount of $1,000,000.
¶ 8. In its determination of whether or not the non-cumulation policy prevented Pope from recovering under both sub-parts, the trial court relied on the Louisiana Court of Appeals’ decision in Duncan v. Kansas City Southern Railway Co., 747 So.2d 656 (La.App. 3rd Cir.1999). The Louisiana court prevented affiliated companies from limiting coverage under excess policies because it failed to properly distinguish between “excess” other insurance clauses and a “true excess” insurance policy. Id. The Louisiana court reasoned that many aspects of an insurance policy are contracts of adhesion, and, therefore, the court will not draw any distinctions for the insurance company but that they should themselves make them clear and free from ambiguity. Id. Similarly, in this case, the trial court ruled Titan could not make its coverage under the CGL policy sub-part “excess” but limit the amount payable under the commercial auto sub-part with a non-cumulation clause.
¶ 9. The non-cumulation clause contained in the commercial auto sub-part reads in part:
TWO OR MORE COVERAGE FORMS OR POLICIES ISSUED BY US.
If this coverage form and any other Coverage Form or policy issued to you by us ... apply to the same accident the aggregate maximum Limit of Insurance under all the Coverage Forms or policies shall not exceed the highest applicable limit of insurance under any one *1100 coverage Form or Policy. This condition does not apply to any Coverage Form or policy issued by us ... specifically to apply as excess insurance over this Coverage Form.
¶ 10. The court in Hartford Acc. & Indem. Co. v. Bridges, 350 So.2d 1379, 1381 (Miss.1977) ruled that a presumption of equal coverage exists when the company charges a separate premium for uninsured motorist coverage over the regular coverage and that “in order to limit this coverage it must be done in such clear and unambiguous language that it may be readily seen and understood by the insured that the coverage is limited.” When a policy is determined to be unambiguous by a court, “the court must refrain from altering or changing a policy where terms are unambiguous, despite resulting hardship on the uninsured.” Titan Indemnity Company v. Estes, 825 So.2d 651, 656(¶ 17)(Miss.2002) (citing State Farm Mut. Auto. Ins. Co. v. Scitzs, 394 So.2d 1371, 1373 (Miss.1981)). “A clear and unambiguous contract will be enforced as written.” Id. (citing Delta Pride Catfish, Inc. v. Home Ins. Co., 697 So.2d 400, 403 (Miss.1997)). To determine whether a triable question of fact exists, this Court examines the evidence that the plain meaning of the policies when read together can be readily seen and understood thus making them unambiguous.
¶ 11. The Mississippi Supreme Court has previously interpreted a business auto policy, a CGL policy, as well as a public officials policy issued by Titan to the City of Natchez. Titan, 825 So.2d at 653(¶ 6). The excerpts of the CGL policy and the auto policy provided in this earlier case are identical to the corresponding sections of the policies in the case at bar. In that case the Mississippi Supreme Court held that the non-cumulation clause of the auto policy and the auto exclusion in the CGL policy were not ambiguous and did not allow a “strained interpretation.” Id. at 656 (¶¶ 18-19). An additional issue in that case, where the court refused to allow the plaintiffs to change the interpretation of the policy for their various theories of liability, is irrelevant to our decision.
¶ 12. In the prior Titan case, after the Mississippi Supreme Court found the policy sub-parts unambiguous, they interpreted them together with the following findings: the CGL policy sub-part’s auto exclusion prohibited coverage; and the bodily injury exclusion prohibits coverage under the public official’s sub-part, since coverage under the CGL policy and public official’s sub-parts were “categorically excluded” and could not be considered excess. Therefore, they were not considered “excess” coverage provided by Titan, and the anti-cumulation clause of the auto sub-part applied and did not allow recovery under either the public official sub-part or the CGL policy sub-part. Id. at 657(¶ 23).
¶ 13. Although Titan acknowledged a duty to defend Attala County under both the auto policy and the CGL policy, Titan did not acknowledge a duty to indemnify. A duty to defend arises when potential for coverage exists. Merchants Co. v. American Motorists Ins. Co., 794 F.Supp. 611, 616 (S.D.Miss.1992). “Under Mississippi law, an insurer’s duty to defend an action against its insured is measured, in the first instance, by the allegations in the plaintiffs pleadings.... ” EEOC v. Southern Pub. Co., 705 F.Supp. 1213, 1215 (S.D.Miss.1988). Apparently Titan, based on Pope’s allegations, determined it had a duty to defend Attala County under both the auto policy and CGL policy. However, the record does not reveal that Titan acknowledged that it had a duty to indemnify Attala County under the CGL policy.
*1101 ¶ 14. The court in Merchants ruled that “the duty to defend is broader than the insurer’s duty to indemnify under its policy of insurance: the insurer has a duty to defend when there is any basis for potential liability under the policy.” Merchants Co., 794 F.Supp. at 617. Titan, by defending Attala County on the CGL policy, merely acknowledged potential liability under the CGL policy. They did not acknowledge coverage.
¶ 15. Applying the holding in the prior Titan case, the language of the auto exclusion is clear and unambiguous. Therefore, the auto exclusion forecloses coverage under the CGL policy. Since the auto exclusion precludes coverage under the CGL policy, the CGL policy is not excess insurance. Thus, the non-cumulation clause of the auto policy applies, and no recovery should have been allowed under the CGL policy. Therefore, the decision of the trial court allowing coverage under both sub-parts for a total recovery of $1,000,000 was erroneous.
II. DID THE LOWER COURT ERR IN HOLDING THE TOTAL AMOUNT OF THE VERDICT SHOULD NOT BE REDUCED BY AMOUNTS PAID BY SETTLING DEFENDANTS, IN DISREGARD OF THE PRO TANTO REDUCTION RULE?
¶ 16. Given the position on the above issue, this issue is moot. Pope received a judgment of $2,848,000. Attala County was required to pay the maximum amount of applicable liability insurance which was erroneously set by the trial court to be $1,000,000. Titan has previously paid $500,000 in satisfaction of the April 4, 2002 summary judgment. Considering the decision above that the non-cumulation clause reduces the maximum applicable liability insurance to $500,000, no further obligation is due to Pope from Attala County.
ISSUES ON CROSS-APPEAL
I. DID THE TRIAL COURT ERR IN FINDING THAT ATTALA COUNTY’S POLICY AS ISSUED BY TITAN IS FIVE SEVERABLE POLICIES AND NOT ENTIRE?
¶ 17. The standard of review is the same for this issue as stated above. The trial court ruled in summary judgment that the sub-parts of the policy Attala County had with Titan were severable rather than entire. “This court ... has repeatedly held that a schedule policy, such as we have before us, insuring various items and fixing the amount of insurance to be paid on each, is separable, although the premium is fixed as an entirety; and that because the policy is void as to one item, that fact does not render it unenforceable as to the others.” Claxton v. Fidelity & Guaranty Fire Corp., 179 Miss. 556, 175 So. 210, 212 (Miss.1937). More recently Travelers Indem. Co. v. Wetherbee, 368 So.2d 829, 835 (Miss.1979), upheld Claxton stating that it “ unequivocally established] the divisibility of policy coverages so they may be considered as separate contracts.” Travelers held an insurance policy to be three severable contracts each with its own consideration, and each requiring a determination of whether punitive damages should be applied. Id.
¶ 18. In the current case, the sub-parts had individually calculated premiums which all fell under the same policy number for a total amount of premiums due to Titan by Attala County. These itemized premiums created consideration for separate contracts, and thus each is a severable policy. The judgment of the trial court is affirmed.
*1102 II. DID TITAN WAIVE ALL EXCLUSION AND OBJECTION TO COVERAGE UNDER THE POLICY BY DEFENDING ATTALA COUNTY WITHOUT A RESERVATION OF RIGHTS?
¶ 19. On the final issue before the Court, Pope alleges Titan lacked the right to object to coverage under the multiple sub-parts since it defended Attala County without a reservation of rights. Pope asserts Titan’s failure to defend under a reservation of rights allows him to recover under four sub-parts; commercial auto, commercial general liability, public official’s liability, and law enforcement officer’s liability giving him a total recovery of $2,000,000 rather than $1,000,000.
The act of providing a defense under a reservation of rights means nothing more than that the company is defraying the costs of defending the action, including the payment of defense counsel’s fees. The company providing such a defense has no right to direct defense counsel to raise issues that might benefit the company but could be prejudicial to the defendant. Defense counsel’s duty is solely to the client, notwithstanding the fact that an insurance company is paying for the defense.
State Farm Mut. Auto. Ins. Co. v. Eakins, 707 So.2d 1100, 1103(¶ 11) (Miss.Ct.App.1997) (citing Hartford Accident & Indem. Co. v. Foster, 528 So.2d 255, 268 (Miss.1988)).
¶ 20. In State Farm, this Court held that the company was precluded from raising an issue in the trial since it was not a party and had no standing. Id. However, the reasoning applied under State Farm would not apply here since Titan was a party to the suit and had the right to raise issues in defense.
¶ 21. Titan in its motion for summary judgment admitted that it provided a defense without a reservation of rights. Titan states “throughout these proceedings Titan Indemnity Company has consistently acknowledged that potential coverage and a duty to defend exists under the Commercial Auto policy and the Commercial General Liability policy issued to Attala County Defendants, based upon the allegations of the Second Amended Complaint.” Through this statement it is clear Titan intended to defend without a reservation of rights on only those two sub-parts of the policy and was later found obligated to pay under those policies. Titan never waived its rights regarding the other policy sub-parts and, therefore, is not prohibited from asserting a defense against coverage under those policies. Pope’s appeal on this issue is without merit.
¶ 22. THE JUDGMENT OF THE AT-TALA COUNTY CIRCUIT COURT IS REVERSED AND RENDERED ON DIRECT APPEAL AND AFFIRMED ON CROSS-APPEAL. ALL COSTS OF APPEAL ARE ASSESSED TO THE AP-PELLEES.
KING, C.J., SOUTHWICK, P.J., LEE, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR. IRVING, J., CONCURS IN RESULT ONLY. THOMAS, J., NOT PARTICIPATING.