949 So.2d 1137 (2007)
UNDERWRITERS AT LLOYD'S OF LONDON, Appellant,
v.
Ken McCAUL and Elaine McCaul, individually, and as Personal Representatives of the Estate of Leeann McCaul, Juan Mendoza, Florida Department of Transportation, and Tunjos Trading Co. Inc., Appellees.
No. 3D06-1407.
District Court of Appeal of Florida, Third District.
February 28, 2007.
Carlos A. Velasquez and Mara Shlackman, Plantation, for appellant.
Ver Ploeg & Lumpkin and R. Hugh Lumpkin and Michael F. Huber and Randall S. Goldberg; Panter, Panter & Sampedro and Mitchell J. Panter; Clark, Robb, Mason, Coulombe, Buschman & Cecere and James K. Clark, Miami, for appellees.
Before WELLS and CORTIÑAS, JJ., and SCHWARTZ, Senior Judge.
SCHWARTZ, Senior Judge.
Leeann McCaul was killed when a car in which she was a passenger swerved off a roadway in Miami-Dade County, Florida, and struck a van owned by Tunjos Trading Company, Inc., parked on the side of the road while its employees were maintaining the area. Because the theory of liability stated in the ensuing wrongful death complaint was Tunjos' alleged negligent failure to place traffic cones on the roadway to warn of the presence of the work and the vehicle, rather than the dangerous location of the van itself, the trial court ruled that Lloyd's had the duty to defend and to indemnify Tunjos under its commercial general liability policy, notwithstanding the familiar automobile exclusion which provides that
[t]his insurance does not apply to:
* * *
"Bodily injury" . . . arising out of ownership, maintenance, use or entrustment to others of any . . . "auto" . . . owned or operated by . . . any insured. Use includes operation and "loading or unloading."
We disagree and reverse the judgment below for entry of a contrary declaration of no coverage.
It is clear to us as a matter of common sense and of a plain reading of the policy, see Taurus Holdings, Inc. v. United States Fid. & Guar. Co., 913 So.2d 528, 532-33, 540 (Fla.2005)(noting that "the term `arising out of' was unambiguous and is broader in meaning than the term `caused by' and means `originating from,' `having its origin in,' `growing out of,' `flowing from,' `incident to' or `having a connection with'" (quoting Hagen v. Aetna Cas. & Sur. Co., 675 So.2d 963, 965 (Fla. 5th DCA 1996)(en banc))), that however the basis of the claim may have been creatively characterized by the plaintiffs, the exclusion precludes coverage as a matter of law. See State Farm Fire & Cas. Co. v. Tippett, 864 So.2d 31, 35-36 (Fla. 4th DCA *1139 2003)("wording alone in a pleading does not create a duty to defend, regardless of its artfulness[;] . . . coverage issue should turn on the merits  on whether a policy exclusion applies and not on creative pleading"), review denied, 885 So.2d 389 (Fla.2004); Nateman v. Hartford Cas. Ins. Co., 544 So.2d 1026, 1027 (Fla. 3d DCA 1989)("creation of the basic insurer-insured relationship and the ensuing duty to defend cannot be left to the imagination of the drafter of a complaint"), review denied, 553 So.2d 1166 (Fla.1989).
The overwhelming weight of authority, which so holds, is based upon an application of either or a combination of two perhaps analytically distinct but closely related analyses, both of which we find highly persuasive. The first views the failure to warn of the danger created by the presence of a vehicle as inseparable from the "use" of the vehicle itself. See Employers Mut. Cas. Co. v. St. Paul Ins. Co., 154 S.W.3d 910, 916 (Tex.App.2005)(no auto coverage when vehicle struck insured's truck parked on highway during road work; "the failure to provide adequate warnings and traffic control were causes dependent upon the use or operation of the truck and were not independent causes of the accident"); see also Allstate Ins. Co. v. Safer, 317 F.Supp.2d 1345 (M.D.Fla.2004)(applying Florida law)(no auto coverage because negligent designation of parking spot for truck not independent of negligent parking of truck); Fireman's Fund Ins. Co. v. Clarendon Am. Ins. Co., No. A105656, 2005 WL 1041128 (Cal.Ct.App. May 4, 2005)(unpublished)(auto exclusion applies to collision between truck and motorcycle; negligence of flagman in improperly warning of truck in roadway not independent cause of accident); United States Fire Ins. Co. v. N.Y. Marine & Gen'l Ins. Co., 268 A.D.2d 19, 706 N.Y.S.2d 377 (N.Y.App.Div.2000)(exclusion applies to collision between vehicle and pickup truck parked on roadway during tollgate maintenance despite allegations of negligent failure to limit speed on the bridge and to warn approaching drivers of stopped truck; accident arose from use of truck); Mut. Serv. Cas. Ins. Co. v. N. Lights Sports, Inc., No. C1-94-1877, 1995 WL 46308, at *2 (Minn.Ct.App. Feb.7, 1995)(unpublished)("failure to provide spotters to warn of the presence of the van [parked on the roadside] and its occupants is inextricably intertwined with the use of a motor vehicle and thus is excluded from coverage under the general liability insurance policy's motor vehicle exclusion"); Kanios v. Frederick, 10 Wis.2d 358, 103 N.W.2d 114 (1960)(liability for negligently hand signaling automobile driver to pass sweeper stopped in roadway arose from the use of the vehicle); but cf. Louis Marsch, Inc. v. Pekin Ins. Co., 140 Ill. App.3d 1079, 96 Ill.Dec. 386, 491 N.E.2d 432, 438 (1985). In a way, this conclusion reflects the broad principle of tort liability that the duty to use due care concerning a dangerous condition  in this case, the insured's van,  may be discharged either by correcting the danger or warning of it. See McCain v. Fla. Power Corp., 593 So.2d 500, 503 (Fla.1992); Kaisner v. Kolb, 543 So.2d 732, 735-36 (Fla.1989). Either way, it is the danger itself, the van, which is the basis of the insured's liability and thus of the automobile exclusion.
The other approach more straightforwardly regards it as simply inconceivable that a collision with a motor vehicle may be deemed not to arise from its use or operation. See Safer, 317 F.Supp.2d at 1352 (truck was "but for" cause of accident: "injury was allegedly caused by obstruction of the intersection that was created by the box truck itself"); Ohio Cas. Ins. Co. v. Cont'l Cas. Co., 279 F.Supp.2d 1281, 1284 (S.D.Fla.2003)(applying Florida law)("The conditions of the roadway aside, *1140 the accident was `connected' to the use of a vehicle in that it would not have occurred but for the use of the vehicle."); Farmers Auto. Ins. Ass'n v. Country Mut. Ins. Co., 309 Ill.App.3d 694, 243 Ill.Dec. 159, 722 N.E.2d 1228, 1234 (2000)(motor vehicle exclusion applies if grain truck is determined to be a motor vehicle; numerous negligent acts alleged "but each involves the standard of care that operators of motor vehicles or other mobile equipment on a public highway must exercise for the safety of others"); Titan Indem. Co. v. Pope, 876 So.2d 1096 (Miss.Ct.App.2004)(auto exclusion forecloses coverage under general liability policy; passenger injured when car in which he was riding hit a trailer parked by county road crew without warning signs or flagmen to alert oncoming traffic); Employers Mut. Cas. Co., 154 S.W.3d at 916 ("But for the `use or operation' of the truck, there would not have been an accident."); see also Stevens v. Fireman's Fund Ins. Co., 375 F.3d 464, 467 (6th Cir.2004)(applying Florida law)(noting that "majority of Florida's district courts of appeal . . . have held that general liability policies with auto exclusion clauses provide no coverage for injuries that would not have occurred but for the use of an auto"); Fidelity & Cas. Co. of N.Y. v. Lodwick, 126 F.Supp.2d 1375 (S.D.Fla.2000)(same); Penn-Star Ins. Co. v. Willis, No. M2005-899, 2006 WL 2105993 (Tenn.Ct.App. July 28, 2006)(exclusion applies where use of auto was predominant cause of injury and injury arose from use of auto despite failure to warn or to remove bystanders from the zone of danger).
In sum, under whatever deconstruction of the present facts and circumstances, the insured's alleged liability grows from its vehicle use and thus falls within the pertinent exclusion. See also Alligator Enters., Inc. v. Gen. Agent's Ins. Co., 773 So.2d 94 (Fla. 5th DCA 2000), review denied, 790 So.2d 1101 (Fla.2001); Hagen v. Aetna Cas. & Sur. Co., 675 So.2d 963 (Fla. 5th DCA 1996)(en banc), review denied, 683 So.2d 483 (Fla.1996); Atkins v. Bellefonte Ins. Co., 342 So.2d 837 (Fla. 3d DCA 1977); Nat'l Indem. Co. v. Corbo, 248 So.2d 238 (Fla. 3d DCA 1971).
Reversed.