[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-15790
Non-Argument Calendar
_____

D. C. Docket No. 9:12-cv-80260-DMM


CALOOSA PROPERTY OWNERS ASSOCIATION, INC.,

Plaintiff-Appellant,

versus

CAPITOL SPECIALTY INSURANCE CORPORATION,
a foreign corporation,

Defendant-Appellee.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(June 24, 2013)


Before TJOFLAT, PRYOR and BLACK, Circuit Judges.

PER CURIAM:

Caloosa Property Owners Association (Caloosa) appeals the district court's grant of summary judgment in favor of Capitol Specialty Insurance Corporation (Capitol), in Caloosa's declaratory judgment action seeking coverage for a third party premises liability suit.   On appeal, Caloosa contends the district court erred in (1) concluding the "horse and horse drawn units" exclusion unambiguously precluded coverage for the suit, and (2) declining to reform the policy.[1]   After review, we affirm the district court's grant of summary judgment in favor of Capitol.

*Background*

Capitol issued liability insurance to Caloosa for the policy period of December 30, 2008, through December 30, 2009 (Policy).   Under the Policy, Capitol agreed to defend and indemnify Caloosa for claims arising from personal injuries that occurred as a result of Caloosa's alleged negligence or other wrongful conduct.   The Policy contained several exclusions, including a "horse and horse drawn units" exclusion.   That exclusion states, in pertinent part, that the "insurance

---

[1] Caloosa also contends the "horse and horse drawn units" exclusion was outside the terms of the contract and impermissible because it was not referred to in the quote or insurance binder.  The district court declined to consider this claim because it was not pled in the complaint; rather, Caloosa only asked for declaratory relief and reformation based on the Policy itself.  We likewise decline to consider this unpled claim.

2

does not apply to any <u>bodily injury</u> or <u>property damage</u> arising out of the use or operation of any horses or horse-drawn apparatus."

On or about August 29, 2009, John Freeland was injured after he fell off a horse inside a riding ring in a Caloosa common area. Freeland subsequently sued Caloosa, alleging several instances of negligence related to the design and maintenance of the riding ring. Caloosa tendered the defense and indemnification of the lawsuit to Capitol, but Capitol asserted that the claims were excluded from coverage under the "horse and horse drawn units" exclusion. Thus, Capitol refused to defend and indemnify Caloosa in the lawsuit. Caloosa subsequently filed this action seeking declaratory relief and reformation of the Policy.

*Standard of Review*

We review a district court's grant of summary judgment *de novo*, viewing "all evidence and reasonable factual inferences drawn therefrom in the light most favorable" to the nonmoving party. *Turnes v. AmSouth Bank*, *NA*, 36 F.3d 1057, 1060 (11th Cir. 1994). "Summary judgment is appropriate where there exists no genuine issue of material fact and the movant is entitled to judgment as a matter of law." *Id.*

*"Horse or horse drawn units" exclusion*

Caloosa contends the "arising out of the use or operation of any horses or horse-drawn apparatus" language is ambiguous and must be construed in favor of

3

coverage.[2]  Caloosa claims the injury did not "arise out of the 'use or operation of'" a horse, but rather, arose out of the defective riding ring, "which caused injury to a person who happened to be on a horse."  Caloosa also contends Freeland was injured by "riding" a horse, rather than "using" a horse.

Under Florida law, when construing an insurance contract to determine whether an exclusion applies, a court must interpret the policy according to its "plain meaning, with any ambiguities construed against the insurer and in favor of coverage."  *Amerisure Mut. Ins. Co. v. Auchter Co*., 673 F.3d 1294, 1301 (11th Cir. 2012) (internal quotation marks omitted).  The term "arising out of" is not ambiguous, and has been construed broadly by Florida courts to mean "originating from," "incident to," or "having a connection with."  *Taurus Holdings, Inc. v. U.S. Fidelity and Guar. Co*., 913 So. 2d 528, 539 (Fla. 2005).

The district court did not err in concluding the "horse and horse drawn units" exclusion unambiguously precluded coverage of Freeman's suit. The language plainly excludes coverage for accidents "arising out of the use or operation of any horse."  Here, Freeman's lawsuit was based on injuries he sustained after being thrown off a horse.  Thus, his injury was "incident to" his "use" of a horse. Caloosa's argument that Freeman was not "using" a horse, but rather "riding" one

---

[2]  Caloosa repeatedly references a "rider of saddle animals" exclusion in an attempt to create a latent ambiguity.  This exclusion was not included in the Policy and does not create an ambiguity in the clear and unambiguous language of the "horse and horse drawn units" exclusion.

is meritless.  Just as people "use" cars by driving them or riding in them, Freeman was "using" the horse by riding it.  *See, e.g., Underwriters at Lloyd's of London v. McCaul*, 949 So. 2d 1137, 1138-39 (Fla. 3d DCA 2007) (finding that a passenger riding in a vehicle fell within a policy exclusion for "use" of a car).  Accordingly, the district court did not err in concluding the plain language of the Policy excused Capitol from indemnifying and defending Caloosa in the Freeman lawsuit.

*Reformation of the Policy*

Alternatively, Caloosa asks us to reform the Policy based on a mutual mistake, or a unilateral mistake coupled with inequitable conduct.  However, Caloosa's sole allegation of mutual mistake is "LANDMARK's failure to procure coverage for the type of claims such as those set forth in the Underlying Lawsuit, and CALOOSA's failure to obtain that coverage."  Because Landmark was Caloosa's agent, Caloosa's allegations only establish that, at most, Caloosa made a mistake in dealing with its own agent.  Moreover, Caloosa never alleged a unilateral mistake by Capitol, nor has Caloosa identified any evidence of inequitable conduct on Capitol's part.  Accordingly, the district court did not err in granting summary judgment in favor of Capitol on Caloosa's reformation claim.

**AFFIRMED.**