**METALWORKING LUBRICANTS COMPANY, Plaintiff,**

v.

**UNITED STATES FIRE INSURANCE COMPANY and Crum & Forster Indemnity Company, Defendants.**

**No. 1:05–cv–01739–LJM–WTL.**

United States District Court, S.D. Indiana, Indianapolis Division.

Feb. 27, 2006.

Robert R. Clark, Thomas F. O'Gara, Sommer Barnard Attorneys, PC, Indianapolis, IN, for Plaintiff.

Bruce L. Kamplain, Matthew W. Melton, Norris Choplin & Schroeder LLP, Indianapolis, IN, Michael R. Gregg, Ross D. Roloff, Thomas D. Donofrio, Merlo Kanofsky Brinkmeier & Gregg Ltd., Chicago, IL, for Defendants.

## ORDER ON DEFENDANTS' MOTION TO DISMISS

McKINNEY, Chief Judge.

This matter is before the Court on Defendants', United States Fire Insurance Company ("U.S.Fire") and Crum & Forster Indemnity Company ("Crum"), Motion to Dismiss the Complaint filed by Plaintiff, Metalworking Lubricants Company ("Metalworking"). Metalworking requests damages allegedly stemming from Defendants' refusal to provide coverage and defense to Nucor Corporation ("Nucor") in another case pending before the Court, *McCauley v. Nucor Corp., et al.,* 1:05–cv–042–RLY–WGH ("*McCauly* lawsuit"), and seeks a declaration that U.S. Fire and Crum are obligated to defend and indemnify Nucor against the claims in that suit. For the reasons that follow, the Court **GRANTS** the Motion to Dismiss.

## I. BACKGROUND

For purposes of this motion, the Court accepts as true the well-pleaded factual allegations from the Complaint. Metalworking entered into a contract for services with Nucor at Nucor's Crawfordsville, Indiana, facility. Comp., ¶ 7. The contract required Metalworking to indemnify Nucor against all claims arising out of, related to, or resulting from Metalworking's performance of the contract and regardless of whether or not such claim was caused in part by Nucor or Nucor's negligence. Comp., ¶ 7. The contract further required Metalworking to carry commercial general liability and auto liability insurance for its activities at the Crawfordsville facility. Comp., ¶ 13. Metalworking purchased a commercial general liability policy, an automobile liability policy, and an umbrella policy from U.S. Fire and Crum for the period of January 1, 2003, to January 1, 2004. Comp., ¶¶ 6, 10–12. Metalworking alleges that U.S. Fire and Crum issued a certificate of insurance that

identified Nucor as an additional insured on the commercial general liability policy. Comp., ¶ 14.

Thereafter, on June 23, 2003, Donald McCauley ("McCauley"), an employee of Metalworking, was injured while performing work at the Crawfordsville facility. Comp., ¶ 16. McCauley filed the *McCauley* lawsuit against Nucor on February 22, 2005, seeking damages for injuries he sustained while working at the Crawfordsville facility. Comp., ¶ 17. Nucor sent Metalworking a demand letter on March 28, 2005, requesting a defense and coverage in the *McCauley* lawsuit. Comp., ¶ 18. Metalworking forwarded the demand letter to U.S. Fire and Crum, who in turn sent a letter dated May 10, 2005, to Nucor in which U.S. Fire and Crum denied coverage and denied that Nucor was an additional insured under Metalworking's policies. Comp., ¶¶ 19–21. Due to U.S. Fire's and Crum's denial of coverage, Metalworking claims that it has suffered damages based on a deprivation of the benefit of its bargain in purchasing the insurance policies, the exposure to potential liability on its indemnity obligations to Nucor, damage to its goodwill with Nucor, and the loss of an opportunity to procure other insurance to satisfy the obligations under its contract with Nucor. Comp., ¶¶ 32, 38, 42, 47, 52, 56.

## II. *STANDARDS*

U.S. Fire and Crum seek to dismiss this case under both Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and Rule 12(b)(6) for failure to state a claim upon which relief may be granted. In essence, the standard for a 12(b)(1) motion to dismiss for lack of subject matter jurisdiction is the same as the standard for a 12(b)(6) motion to dismiss. *See Ezekiel v. Michel,* 66 F.3d 894, 897 (7th Cir.1995). The purpose of a Rule 12(b)(6) motion to dismiss is to test the sufficiency of the complaint, not to resolve the case on the merits. *See* 5B Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 1356 (3d ed.2004). When ruling on a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), the Court accepts as true all well-pleaded factual allegations in the complaint·and the inferences reasonably drawn from them. *See Baxter by Baxter v. Vigo County Sch. Corp.,* 26 F.3d 728, 730 (7th Cir.1994). Dismissal is appropriate only if " 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.' " *Ledford v. Sullivan,* 105 F.3d 354, 356 (7th Cir.1997) (quoting *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984)). This standard means that if any set of facts, even hypothesized facts, could be proven consistent with the complaint, then the complaint must not be dismissed. *See Sanjuan v. Am. Bd. of Psychiatry & Neurology, Inc.,* 40 F.3d 247, 251 (7th Cir. 1995). However, the Court need not ignore facts set out in the complaint that undermine a plaintiff's claims, *see Homeyer v. Stanley Tulchin Assoc.,* 91 F.3d 959, 961 (7th Cir.1996) (*citing Am. Nurses' Ass'n v. State of Illinois,* 783 F.2d 716, 724 (7th Cir.1986)), nor is the Court required to accept a plaintiff's legal conclusions. *See Reed v. City of Chicago,* 77 F.3d 1049, 1051 (7th Cir.1996); *Gray v. Dane County,* 854 F.2d 179, 182 (7th Cir.1988).

## III. *DISCUSSION*

### A. RIPENESS

The parties dispute whether Metalworking has alleged an injury in fact so as to have standing to bring suit and whether Metalworking is the real party in interest for seeking a declaration of coverage for Nucor. Having reviewed the parties' briefs on these questions, the Court concludes that the issue is really one of ripeness.

■ The true intent of Metalworking's Complaint is to obtain coverage and defense for Nucor in the *McCauley* lawsuit and to guard against any claims that Nucor could assert against Metalworking. Although the parties have failed to provide the Court with copies of the insurance policies, Metalworking would certainly have certain rights under those policies and could assert claims against U.S. Fire and Crum once those claims materialized. However, Metalworking's claims have not yet ripened. Although Nucor has apparently sent Metalworking a demand letter (Comp., ¶ 18), no where does Metalworking allege that it has currently suffered any damages. More specifically, there is no allegation that Nucor has chosen to pursue any rights it has against Metalworking for failure to indemnify and defend, nor is there an allegation that Nucor has brought claims against U.S. Fire and Crum in the *McCauley* lawsuit for which Metalworking may be a necessary party. Metalworking is not currently being forced to defend Nucor and, at this point, it has not been forced into court. In short, there is no actual or concrete harm that has ripened, and so there is no injury in fact to confer standing. *See Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 103, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998) ("injury in fact" is a harm suffered by a plaintiff that is "concrete" and "actual or imminent" rather than "conjectural" or "hypothetical").[1]

## B. REQUESTS FOR DECLARATORY JUDGMENT

■ Metalworking also seeks declaratory relief in Counts I, IV, and VII of its Complaint. Specifically, Metalworking wants a declaration that U.S. Fire and Crum are obligated to provide coverage and defense to Nucor in the *McCauley* lawsuit and that they are obligated to provide coverage on Nucor's demand, both in spite of the fact that Nucor is not involved in this lawsuit and has apparently not yet decided to pursue any rights it may have against Metalworking.

■ The Declaratory Judgment Act states: "In a case of actual controversy within its jurisdiction, ... any court of the United States ... may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a). When determining whether an actual controversy exists, the question is whether there is a controversy between parties with adverse legal interests "of sufficient immediacy and reality to warrant issuance of a declaratory judgment." *In re VMS Sec. Litig.*, 103 F.3d 1317, 1327 (7th Cir.1996) (*quoting Maryland Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273, 61 S.Ct. 510, 85 L.Ed. 826 (1941)).

■ Assuming *arguendo* that U.S. Fire and Crum have a duty to defend and indemnify, the Court must determine whether or not there is a ripe controversy regarding that duty as it relates to the *McCauley* lawsuit. As a general rule, "decisions about indemnity should be postponed until the underlying liability has been established." *Lear Corp. v. Johnson Elec. Holdings Ltd.*, 353 F.3d 580, 583 (7th Cir.2003). *See also Nationwide Ins. v. Zavalis*, 52 F.3d 689, 693 (7th Cir.1995); *Grinnell Mut. Reins. Co. v. Reinke*, 43 F.3d 1152, 1154 (7th Cir.1995). This is the case. *See Ind. & Mich. Elec. Co. v. Terre Haute Indus., Inc.*, 507 N.E.2d 588, 606–07 (Ind.Ct.App.1987), *reh'g denied, trans. denied*, 525 N.E.2d 1247 (1988).

1. The Court notes that Metalworking seeks damages for loss of goodwill in Count I of the Complaint, which is a claim for breach of contract. In Indiana, however, loss of goodwill is not recoverable in a breach of contract

rule because a declaration regarding the duty to indemnify may have no real-world impact if no liability arises in the underlying litigation. *See Lear,* 353 F.3d at 583. The declaration could, therefore, amount to an impermissible advisory opinion. *Id.* Such declarations also are ill-advised because they "consume judicial time in order to produce a decision that may turn out to be irrelevant." *Id.*

In *Bankers Trust Co. v. Old Republic Insurance Co.,* 959 F.2d 677, 680 (7th Cir. 1992), the Seventh Circuit considered the following factors to determine whether the duty to indemnify claim was ripe: the likelihood that the insured would be liable in the underlying litigation; the high amount of damages for which the insured was likely to be liable; the insured's inability to pay those damages if found liable; the likelihood that no other insurance policy would cover the damages. *Id.* at 681–82. The court noted that whether a probabilistic injury is sufficient to state a claim is a "matter of degree." *Id.* at 681. Because the court found a high likelihood that the insured would be held liable in the underlying action for an amount that the insured could not afford to cover, the Seventh Circuit found that the harm was sufficiently probable to allow a declaratory judgment on the duty to indemnify before the question of the insured's liability was resolved. *Id.*

In this case, the general rule against issuing a declaratory judgment regarding U.S. Fire and Crum's duty to defend and indemnify Nucor before the underlying issues in the *McCauley* lawsuit are resolved applies. Nucor is not a party to this lawsuit and, as yet, has not chosen to pursue any rights it might have related to Metalworking's duty to indemnify and defend Nucor. The Court has no basis on which to evaluate the likelihood of Nucor's liability in the underlying action, the level of liability likely to be incurred, or Nucor's

ability to pay any possible damages in the underlying action. In particular, none of the insurance policies at issue have been produced by the parties, and so the Court is unable to determine whether coverage exists, let alone the extent of coverage. The Court likewise does not have a copy of the contract between Nucor and Metalworking, and so it has no basis for deciding whether Metalworking's separate contractual duty to indemnify and defend is even triggered or applies, which would require a finding of liability in *McCauley* lawsuit. *See, e.g., GKN Co. v. Starnes Trucking, Inc.,* 798 N.E.2d 548 (Ind.Ct.App.2003). For these reasons, the Court concludes that this case has not presented an "actual controversy" between the parties as required for declaratory judgments, thereby depriving the Court of subject matter jurisdiction.

## C. SUBSTITUTION UNDER RULE 17(a)

■ As a final matter, Metalworking argues that the Court should not dismiss any of its claims on the basis that it is not the real party in interest. Relying on the last sentence of Federal Rule of Civil Procedure 17(a), Metalworking contends that it should be permitted time to "cure" the defects of its Complaint. Br. in Opp. to Motion to Dismiss at 15. The Court disagrees.

The Advisory Committee's notes with respect to the last sentence of Rule 17(a) state:

> Modern decisions are inclined to be lenient when an honest mistake has been made in choosing the party in whose name the action is to be filed.... The provision should not be misunderstood or distorted. It is intended to prevent forfeiture when determination of the proper party to sue is difficult or when an understandable mistake has been made.

Fed.R.Civ.P. 17(a). Relying on this language, courts that have addressed this issue have held this provision to be applicable only when the improper party brought suit as a result of an honest mistake or because the determination of the proper party was difficult. *See Wieburg v. GTE Sw., Inc.,* 272 F.3d 302, 308 (5th Cir.2001) ("In accordance with the Advisory Committee's note, most courts have interpreted the last sentence of Rule 17(a) as being applicable only when the plaintiff brought the action in her own name as the result of an understandable mistake, because the determination of the correct party ... is difficult."); *Intown Properties Mgmt. Inc. v. Wheaton Van Lines, Inc.,* 271 F.3d 164, 171 (4th Cir.2001) (finding that Rule 17(a) was inapplicable because the "mistake had not been 'understandable' "); *Advanced Magnetics, Inc. v. Bayfront Partners, Inc.,* 106 F.3d 11, 20 (2nd Cir.1997) (providing that "the district court retains some discretion to dismiss an action where there was no semblance of any reasonable basis for the naming of an incorrect party"); *Lans v. Gateway 2000, Inc.,* 84 F.Supp.2d 112, 120 (D.D.C.1999) (stating that "it is appropriate to liberally grant leave to substitute a real party in interest when there has been an honest mistake in choosing the nominal plaintiff, meaning that determination of the proper party was somehow difficult at the time of the filing of the suit, or that the mistake is otherwise understandable"), *aff'd,* 252 F.3d 1320 (Fed.Cir. 2001); *Feist v. Consol. Freightways Corp.,* 100 F.Supp.2d 273, 276 (E.D.Pa. 1999) (providing that in order to substitute the real party in interest a plaintiff must establish that when he brought this action in his own name he did so as the result of an honest and understandable mistake).

The Court agrees that an "honest mistake" test applies to the situation at hand; however, Metalworking fails to satisfy this standard. There is no question that Nucor is the proper real party in interest for many of the claims. In fact, the lynchpin for the claims is that U.S. Fire and Crum have denied Nucor coverage for and defense in the *McCauley* lawsuit. Comp., ¶¶ 16–28. Metalworking was keenly aware of the facts because it specifically averred them in its Complaint, and so the Court finds that there was no honest mistake. In addition, the Court takes note of the issues related to ripeness previously discussed. Nucor is already involved in the *McCauley* lawsuit, and there is no indication that Nucor is incapable of pursuing any recourse that it may have against U.S. Fire and Crum should it choose to do so. Therefore, the Court declines Metalworking's request for time to "cure" the defects of the Complaint.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants', United States Fire Insurance Company and Crum & Forster Indemnity Company, Motion to Dismiss. Because this ruling does not constitute a decision in the merits, this action shall be dismissed without prejudice.

IT IS SO ORDERED this 27th day of February, 2006.